## City of Paris v. Baldwin Brothers.

(Decided May 3, 1916.)

### Appeal from Bourbon Circuit Court.

1. Municipal Corporations—Defective Sewers—Action for Damages.—In an action by a mercantile corporation for damages resulting from the flooding of its store and stock of groceries by defective city sewerage system, evidence examined and held sufficient to take the case to the jury on the questions of the city's negligence and plaintiff's damages involved.

2. Negligence—Contributory Negligence—Duty to Minimize Loss.—The injured party, upon finding that injury has been caused his property by the act of another, must use all reasonable means to arrest the loss, but need use only reasonable exertions and expense for the purpose, and whether such reasonable effort was made depends upon the particular case.

3. Pleading—Averments Not Denied Taken as True.—Averments in plaintiff's amended petitions, not denied by the defendant's

answer, must be taken as true, and the questions involving facts so admitted should not be submitted to the jury.

4. Damages—Measure of.—In an action for damages sustained by loss of grocery stock by flooding, an instruction fixing the measure of recovery as to the stock destroyed at the fair market value thereof at the time of such destruction; and as to stock injured, at the difference between the fair market value before injury and just after, is correct.

5. Appeal and Error—Instructions—When Not Prejudicial.—Where certain instructions were given at its request, were unduly favorable to it and could only have been prejudicial to the other party, the party requesting such instructions cannot complain of their being given, though they were unauthorized by pleadings and proof.

C. A. McMILLAN for appellant.

TALBOTT & WHITLEY for appellee.

OPINION OF THE COURT BY JUDGE SETTLE.—Affirming.

Baldwin Brothers, a corporation created under the laws of this State and conducting a grocery business in a rented storeroom and basement at the corner of Seventh and Main streets in Paris, a city of the fourth class, brought this action against that city in the Bourbon circuit court to recover damages it claimed to have sustained in the years 1908, 1909, 1910, 1911, and 1912, from the flooding of its merchandise in the store and basement mentioned, on account of the alleged negligence of the city in failing to provide an adequate sewerage system therein for carrying off the surface water and sewage; it being alleged in the petition that the sewers and catch basins provided by it during the years mentioned were insufficient to receive and carry off the surface water and sewage, and that by reason thereof water and sewage from the branch sewers were forced through the manholes and catch basins upon the streets at and in the vicinity of appellee's store and thereby caused to flood the building and merchandise therein. The petition contains a statement of the articles and quantity of merchandise totally destroyed by the flooding of the store and basement in each of the years indicated; and also such as was materially damaged and their market value lessened by the flooding of the store and basement in each of such years; the whole amount of damage claimed being $4,447.36.

Before answering the appellant, city of Paris, entered a motion to require appellee to make the petition more

specific by setting out the date or dates of the several floodings of its building and merchandise complained of; also the character, quantity and value of the merchandise destroyed by each flooding of the store and basement and such as was damaged by the subsequent dampness and mold. The motion was overruled by the trial court, nothwithstanding which appellee filed an amended petition in which it set forth in detail the information required by the motion to make more specific. Appellant then demurred to the petition and each paragraph thereof, as amended, which demurrer was overruled. It then filed an answer traversing the allegations of the original petition and pleading contributory negligence on the part of appellee. The answer did not, however, deny the averments of the amended petition of appellee, nor were they denied by the amended answer later filed. After the filing of a reply by appellee controverting the affirmative matter of the answer, as amended, the case went to trial, resulting in a verdict awarding appellee $2,500.00 damages. The refusal of the circuit court to grant appellant a new trial led to this appeal.

Appellant first complains of the refusal of the trial court to peremptorily direct a verdict in its behalf at the conclusion of appellee's evidence. As the great abundance of evidence introduced in appellee's behalf all conduced to prove the flooding of and injury to its merchandise in each of the years named, and that it was caused in each instance by a defective sewerage system negligently constructed and maintained by appellant, we are surprised that the refusal of the peremptory instruction is made a ground of complaint by the latter. Nor could it have been properly given upon the theory that appellee was guilty of contributory negligence. Indeed, it is not contended that the flooding of appellee's store and merchandise was caused by its negligence, but that the contributory negligence of which it was guilty arose out of its failure to remove the merchandise from the basement during and after the overflows. In other words, it is argued that the goods were more damaged by appellee's permitting them to remain in the basement after the occurrence of the floods than they were while in the water, and that it might have taken them out and by subjecting them to some sort of process of drying have greatly minimized or lessened the resulting damage.

While it is the law that the injured party, upon finding that injury has been caused his property by the act of another, should use all reasonable means to arrest the loss, it is only incumbent upon him to use reasonable exertions and reasonable expense for the purpose, and whether such reasonable effort was made depends upon the circumstances of the particular case. W. U. Tel. Co. v. Witt, 110 S. W. 889; Glenn v. Crescent Coal Co., 145 Ky. 137.

There was, however, no proof of negligence on appellee's part in the particular complained of. On the contrary, the great weight of it conduced to prove that all but about ten per cent of the merchandise in the basement was rendered worthless by the water before it sufficiently subsided to allowed entrance to the basement of the removal of the damaged merchandise; and that the ten per cent thereof that was not destroyed, but materially injured, was removed or disposed of as soon as the water in the basement subsided sufficiently to permit it to be done. Moreover, the contention of appellant overlooks the allegations made in the amended petition to the effect that all the articles and property were damaged and injured both by water and by dampness and mold therefrom; that the waters were slow in disappearing from the basement and that substantially all the loss, damage and injury complained of was done by the waters before they sufficiently disappeared to allow entrance to and work in the basement. These averments of the amended petition were not denied by appellant's answer or controverted of record, for which reason they must be taken as true.

But, notwithstanding this fact, the court did by instructions 5 and 6 submit to the jury the question whether appellee was guilty of contributory negligence arising out of any failure upon its part to minimize its damages so far as it might by ordinary care have done. The instructions referred to read as follows:

"5. The court further instructs the jury that it was the duty of the plaintiff to use ordinary care to prevent injury to its property from the causes complained of by it in its petition, and that if they believe from the evidence, it failed to do so and was guilty of negligence which contributed directly to its injury and but for which its property would not have been injured, the law is for the defendant and the jury should so find, even though

they believe from the evidence that the defendant was negligent.

"6.  The court further instructs the jury that it was the duty of the plaintiff to exercise ordinary care to protect its property from the causes complained of by it in its petition, and if they believe from the evidence that the plaintiff, by the exercise of ordinary care could have protected its property, the law is for the defendant, and no damages should be allowed which might have been avoided by the exercise of ordinary care on the part of the plaintiff."

In view of the uncontroverted averments of the amended petition referred to, instructions 5 and 6 might well have been complained of by appellee, but no such ground of complaint can be urged in behalf of the appellant.

The verdict of the jury, as already stated, was only $2,500.00, which, according to the evidence, was less than the value of the goods totally destroyed. The evidence as to the value of these goods, that is, such as were actually destroyed, was uncontradicted. In addition, the value of the goods actually destroyed was estimated by the evidence at their cost price and not their retail selling price on the market. Manifestly, appellant cannot complain that the verdict confined appellee's recovery to the cost of the goods that were actually destroyed and allowed it nothing for the remaining goods not totally destroyed but only damaged by dampness and mold.

Appellant likewise complains of the instruction given by the court on the measure of damages. The instruction on that subject, number 3, is as follows:

"3.  If the jury find for the plaintiff, the measure of recovery, if any, as to the property destroyed, if any, is the fair market value thereof at the time of such destruction, if any, and as to the property injured, if any, the difference between the fair market value thereof before such injury, if any, and just after such injury, if any, the whole recovery, if any, not to exceed $4,447.36, the amount claimed in the petition."

We think the instruction correctly advised the jury of the measure of damages. The goods destroyed, as well as those only injured, were purchased by appellee for sale in its business as a merchant. Their value to it was not what the goods cost it, but what they were worth on the market at the time of their destruction, when sold

in the usual course of trade. In other words, the market value included the customary and a reasonable profit in addition to the cost price. Therefore, appellee's loss on the goods wholly destroyed was, as the instruction told the jury, their fair market value at the time of their destruction. It is equally true that the measure of recovery as to the goods injured but not destroyed was, as stated in the instruction, the difference betwen their fair market value before such injury, and such market value just after such injury, in their damaged condition. Obviously the instruction is not open to the objections urged by appellant.

Appellant offers no criticism of the other instructions. As a whole the instructions cannot be said to omit any feature of the law necessary to the proper guidance of the jury in arriving at a verdict. However, instructions 5 and 6, which submitted to the decision of the jury the question whether appellee was guilty of contributory negligence, should not have been given. They were unauthorized by the pleadings or proof. But appellant cannot complain of this error, as the instructions in question were given at its instance, were unduly favorable to it and could only have been prejudicial to appellee.

The record discloses no error in the admission or rejection of evidence, and as, according to the evidence, the injuries to the appellee's property, and consequent loss sustained by the latter, were caused by the negligence of appellant in defectively constructing and maintaining its sewers, no reason is perceived for disturbing the verdict or judgment; wherefore the judgment is affirmed.