## Danville Light, Power & Traction Company v. Baldwin.

(Decided December 4, 1917.)

### Appeal from Boyle Circuit Court.

1. Master and Servant—Evidence—Indemnity Insurance.—In a personal injury suit, evidence that defendant was protected against loss from accident to its employes is incompetent, and its admission is reversible error.

2. Negligence—Specific Instructions.—Upon the trial of a personal injury suit, each party offering evidence in support of his theory of the proximate cause of the accident, and the evidence beng controverted, the question should be submitted to the jury by instructions, presenting in concrete form the several such theories.

3. Trial—Instructions—Requests.—Where, in a personal injury suit, a party offers an instruction upon his theory as to the proximate cause of the accident, the court should, by proper instruction, present that question to the jury.

4. Master and Servant—Independent Contractor—Contributory Negligence—Question for Jury.—In a personal injury suit, held that the questions as to whether plaintiff was an independent contractor or guilty of contributory negligence were in issue in the evidence and were properly submitted to the jury.

5. Appeal and Error—Review—Fellow Servants.—Where the question was not raised in the lower court, a party cannot complain on appeal that the trial court did not submit to the jury the question of fact whether or not plaintiff was a fellow servant of other employes alleged to have caused the injury.

ROBERT HARDING, JOHN W. RAWLINGS and EMMETT V. PURYEAR for appellant.

BAGBY & HUGUELY and HENRY JACKSON for appellee.

Opinion of the Court by Judge Clarke—Reversing.

In June, 1915, the appellant employed appellee, Charles W. Baldwin, at $8.00 a day to assist in, or superintend, the installation of certain heavy machinery in its plant at Danville. One part of the machinery to be installed was a fly-wheel which, divided into two equal parts, weighing about 8,500 pounds each, had been delivered near to or just outside the defendant's building. At the time of the accident complained of, the lower half of the fly-wheel had been placed in the desired place in the building, and the upper half had been moved into the building and was being raised by means of a derrick or windlass, the cable of which extended into the building, through several pulleys, to the portion of the fly-wheel being elevated. Four other employes of defendant were turning the wheel or drum of the windlass, and in this way hoisting the upper half of the fly-wheel attached to the other end of the cable. Plaintiff was inside the building, watching the portion of the fly-wheel as it was being hoisted, and, after it had been lifted some little distance from the ground, it ceased to go up; and plaintiff went to the door of the building, through which the cable passed, and just as he reached the door the drum or wheel flew off the spindle and struck him with such force as to break his leg and otherwise injure him. The windlass, pulleys, cable and other apparatus, used in the operation, were the property of the plaintiff and furnished by him for the purpose, as part of the consideration for which he was being paid by defendant.

To recover for the injuries thus sustained, plaintiff instituted this action, alleging as the cause of his injuries the negligent operation of the windlass by the defendant, through its employes and agents. The defendant's answer was a traverse of the allegations of the petition and a plea of contributory negligence, which was traversed. The trial resulted in a verdict and judgment in favor of plaintiff for $3,400.00, from which the defendant has appealed.

Among the numerous alleged errors of the trial court assigned as reasons for reversal, is the admission, over the objection and exception of defendant, of evidence that the defendant was protected by indemnity insurance against loss from accident to its employes, such as was involved in this case. That such evidence is incompetent and its admission reversible error is thoroughly established by frequent and uniform decisions of this court.

Belle of Nelson Distillery Co. v. Riggs, 104 Ky. 1; Owensboro Wagon Co. v. Boling, 107 S. W. 264; Dow Wire Works Co. v. Morgan, 96 S. W. 520; W. G. Duncan Coal Co. v. Thompson, 157 Ky. 304. Plaintiff, over the objection and exception of the defendant, was permitted to introduce such evidence. Counsel for plaintiff, while conceding the rule, insist that the evidence was admissible here as a legitimate cross-examination of one of defendant's witnesses upon a proposition introduced in evidence by defendant. But, this is not true, as the question of insurance was in nowise involved in any evidence introduced by defendant. It is manifest, therefore, that the court, in admitting this evidence, erred to the prejudice of the defendant.

As the judgment must be reversed, for the reason indicated, it will not be necessary to consider the other questions raised except for the purposes of a new trial; and for that purpose we need discuss only some of the instructions given and refused.

Instruction No. 1, given by the court, in which plaintiff's right to recover is defined, is not subject to criticism by the defendant, unless it be that the reference therein to the superintendency or direction of Mr. Irvine is too general, and not sufficiently confined to the particular operation from which the accident resulted. Upon the other hand, it is more favorable to the defendant than it should have been, in that it limited plaintiff's right of recovery to the gross negligence of the responsible employes, if, in the judgment of the jury, the accident resulted from the manner in which the windlass was being operated, since, if the employes operating the windlass were under the control and direction of Irvine, plaintiff was not an independent contractor, and defendant was responsible for their negligent acts, regardless of whether the negligence was gross or ordinary; while, if, on the other hand, they were under the control and direction of plaintiff, the defendant was not liable. The negligence of defendant, if any, was of its employes operating the windlass and not of its superintendent, Irvine, if these employes were under his control and direction.

If, however, a defective condition in the apparatus, or the manner in which it was set up, was the proximate cause of the accident, the plaintiff was responsible for his own injury, because the apparatus was owned, furnished and set up by him, in the way he desired, without the direction or control of any other agent of the defendant,.

in so far as the evidence discloses. Whether the proximate cause of the injury was the negligent manner in which the windlass was operated by employes of the defendant under the immediate direction and control of its superintendent, Mr. Irvine, as contended by the plaintiff and supported by evidence, or a defective condition in the apparatus or the negligent manner in which it was set up, as contended by the defendant and also supported by evidence, were questions for the jury; and these theories of the respective parties as to the accident should have been submitted by concrete instructions sharply defining the issues. L. & N. R. Co. v. King, 161 Ky. 347; Hackworth v. Ashby, 165 Ky. 796; L. & N. R. Co. v. Shoemake, 161 Ky. 746; Western Union Telegraph Co. v. Sisson, 155 Ky. 624; Lewis, Wilson & Hicks v. Durham, 144 Ky. 704; Stearns Coal & Lumber Co. v. Williams, 171 Ky. 46; Cumberland Railroad Co. v. Girdner, 174 Ky. 761.

The instruction, above referred to, submitted only plaintiff's theory, and, as the defendant offered an instruction upon its theory of the proximate cause of the accident, the court should have, by proper instruction, presented that question to the jury, as well as the question of whether Irvine or plaintiff was in control of the employes at the windlass.

Counsel for defendant insist that it was entitled to a peremptory instruction, both because the plaintiff was an independent contractor and because he was guilty of contributory negligence. These two questions, however, were at issue on the evidence, and they were properly submitted to the jury by instructions which do not seem to us to be open to criticism and are not, in fact, criticized.

It is also insisted for defendant that its employes operating the windlass were fellow servants of the plaintiff, and defendant was not, therefore, liable, even though the proximate cause of the injury was the negligent operation of the windlass. But, whether or not plaintiff was a fellow servant was, from the evidence, at most a question of fact for the jury, if in fact there was any evidence to that effect, a question we do not now decide, as it was not raised in the lower court, except upon the motion for a peremptory, and the evidence was not such as to authorize the court to hold, as a matter of law, that plaintiff and the employes at the windlass were fellow servants.

As the evidence upon another trial may differ materially from that in the record before us, we have thought it better to indicate, in a general way, the questions of fact the instructions should have covered, rather than to prepare instructions which might be rendered inapplicable because of the presentation of a different state of facts upon a retrial of the case.

Judgment is reversed and cause remanded for a new trial consistent herewith.