## Davis v. Marks.

(Decided May 30, 1924.)

### Appeal from Perry Circuit Court.

1. Negligence—Loss Must be Proximate Result.—Loss must be proximate result of negligence complained of.

2. Damages—Measure of Recovery for Loss of and Injury to Personal Property Stated.—Measure of recovery for loss of or injury to personal property is its reasonable market value at time and place when and where it was destroyed, or difference in its market value immediately before and after injury.

3. Appeal and Error—Instruction Without Necessary Criterion to Guide Jury in Fixing Damages Ordinarily Prejudicial.—An instruction without necessary criterion to guide jury in fixing damages is ordinarily prejudicial.

4. Damages—Instruction Without Necessary Criterion to Guide Jury as to Damages Held Erroneous.—In action for damages caused by fire, an instruction that plaintiff was entitled to "such damage expressed in money as will compensate him for the loss of his property," held erroneous because not containing necessary criterion to guide jury.

5. Trial—Court Attempting to Instruct on Relevant Phase Must do so Correctly.—If court attempts to instruct on relevant phase, it should correctly do so, and party injured by incorrect instruction may insist on correct one without offering it.

O'REAR, FOWLER & WALLACE, EVERSOLE & CAMPBELL, MORGAN, EVERSOLE & BOWLING and W. W. REEVES for appellant.

NAPIER & HELM and MOORE & MOORE for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On the early morning of August 5, 1918, a fire severely damaged a business building in Hazard, Kentucky, and destroyed the contents on the first floor, which was

about 30 feet wide and 100 feet long. In one corner of the front of the ground floor, covering a space about 12 feet wide by 32 feet long and which was separated by partition walls from the remainder of the room, the appellant and defendant below, Chris Davis, operated a restaurant in which there were both an electric and a gasoline cooking stove. The appellee and plaintiff below, R. Lee Marks, operated a soft drink stand and poolroom in that portion of the ground floor surface not included in the space partitioned off for the restaurant. The fire destroyed practically all of the contents of plaintiff's billiard parlor, and he brought this action against defendant to recover from the latter the value of his property destroyed upon the ground, as charged in the petition, that "the defendant by himself and his employes and servants, carelessly and negligently caused an explosion and conflagration of highly explosive gases and highly explosive liquids and other dangerous and inflammable and highly explosive substances within the space used and occupied by the defendant, his employes and servants and by said negligence and carelessness, in causing said explosion and conflagration aforesaid, caused said building to catch fire and be destroyed thereby, and destroyed all of the property of this plaintiff which was situated in said building," and he fixed the value of his destroyed property at $8,-502.50. In another paragraph he averred that by reason of the destruction of the building through defendant's carelessness and negligence, as alleged, his business was destroyed, thereby depriving him of a suitable location in which to prosecute it, and that he was unable to obtain a suitable place for the purpose and was prevented from continuing it, whereby he was further damaged in the sum of $1,500.00. The answer denied the material averments of the petition and by counterclaim sought to recover of plaintiff the sum of $2,882.00 for the destruction of plaintiff's property which he alleged was due to the negligence or willful conduct of plaintiff in causing the fire, $1,000.00 of that amount being for the destruction of defendant's place of business and depriving him of a locality in which to conduct it, by reason of which he was damaged to that extent. Appropriate pleadings made the issues and upon trial before a jury, there was a verdict in favor of plaintiff for the sum of $4,000.00, which the court declined to set aside on a motion made by defendant for that purpose, and from

the judgment rendered thereon defendant prosecutes this appeal.

At the outset it might be first stated that we do not think the allegations of the pleadings, nor any proof in the case, authorized a recovery for the destruction of the place of business, since there are no facts shown bringing those items within the rule requiring the loss to be the proximate result of the negligence complained of, which is an elementary rule applicable to the law of negligence, and the court did not *in terms* instruct the jury on that item in favor of plaintiff; nor did it submit to the jury any of the damages claimed by defendant in his counterclaim upon the ground, as we infer, that there was no evidence that the fire was the result of plaintiff's negligence and defendant's counsel make no complaint on this appeal of that action of the court.

It is, however, vigorously contended that there was a variance between the proof and plaintiff's pleading with respect to the alleged negligence of defendant. The position is taken that the above excerpt from the petition attempts to state a cause of action against defendant for his carelessly and negligently causing an explosion of gases, liquids or other inflammable substances which produced the fire that destroyed plaintiff's property; and that the proven cause of action, if any, was that defendant negligently maintained a defective gasoline stove in his restaurant and employed a careless and reckless servant who operated it in such a manner as to carelessly and negligently ignite gasoline in such quantities as to produce the fire. But, since the judgment must be reversed for another reason, we do not deem it necessary to decide the point or to notice it further than to say that the proof, and the instructions which followed it, did not strictly conform to the pleading and that there is an evident variance between them, but whether it was sufficiently material to *alone* authorize a reversal of the judgment we refrain from expressing an opinion and the pleadings may be amended upon a return of the case if the parties desire.

The amount of recovery in favor of plaintiff, should the jury find that the fire was produced by defendant's negligence, as stated in the instruction of the court, was "such damage expressed in money as will compensate him (plaintiff) for the loss of his property destroyed in said fire, not to exceed the sum of $8,502.50." That

language, as is readily discernible, fixed no criterion that should guide the jury in estimating the damages, but left it to wander far afield and include in its verdict any item or amount that its members might conclude was a part of his loss growing out of the destruction of his property, and for which, in their estimation, he was entitled to compensation, regardless of whether such items might or might not be the proximate result of the negligence, and also to entirely ignore the market value of the destroyed property at the time its destruction took place.

No rule is better settled than the one that the measure of recovery for the loss of, or injury to, personal property is its reasonable market value at the time and place, when and where, it was destroyed, or the difference in its market value at the time and place immediately before and after the injury, when it was not totally destroyed. An almost endless list of authorities, consisting of opinions from this and other courts, as well as text books, could be cited in substantiation of that rule, but it is unnecessary and we append only the following domestic cases: Weil v. Hagan, 161 Ky. 292; Southern Ry. in Ky. v. Ky. Grocery Co., 166 Ky. 94; C., N. O. & T. P. Ry. Co. v. Sweeney, idem 360; City of Paris v. Baldwin Bros., 169 Ky. 802, and Adams & Sullivan v. Sengel, 177 Ky. 535. Those cases as well as those of L. & N. Railroad Co. v. Mason, 24 Ky. L. R. 1623; Miles v. Miller, 12 Bush 134; and Blood v. Herring, 22 Ky. L. R. 1725, also hold that an instruction without the necessary criterion to guide the jury is ordinarily so prejudicial as to authorize a reversal of the judgment therefor. Of course, if the facts and circumstances were such as to clearly indicate that, notwithstanding the error, the substantial rights of the defendant were not prejudiced, and that it could not be said that the trial was not fair, then a reversal would not be ordered; but we do not find in this record any such relieving conditions, since it is perfectly patent, as indicated, that the jury might have, as it was authorized to do under the sweeping terms of the instructions, considered the fact that plaintiff had been deprived of a place in which to conduct his business and included it as an allowed item in making its verdict.

It might be said, however, and it is so intimated in brief, that the disparagement in the amount returned and in that claimed in the petition is itself sufficient to show that the error was not prejudicial; but without enumerating the evidence as to the value of the property de-

stroyed, we deem it sufficient to say that the disparagement relied on is not sufficient to our minds to obviate the error or to destroy its prejudicial effect, since we are by no means satisfied from the evidence that the destroyed property of plaintiff was anything like the value fixed by him in his petition and testified to by him on the trial.

This ground for a reversal is also attempted to be met by the insistence that defendant offered no instruction upon the measure of damages according to the above approved rule, and that, since this is a civil case and it was not the duty of the court to instruct upon the whole law applicable thereto, defendant can not now complain of the error in the instruction pointed out above.    In making that insistence, counsel for plaintiff evidently overlook another well settled rule of practice to the effect that if the court attempts to instruct the jury on any relevant phase of the case, it should correctly do so; and a party injured by an incorrect instruction may insist on a correct one, without offering it, since it is the duty of the court, when it attempts to instruct, to do so correctly.

There being nothing found in the record to obviate the error referred to in the instruction, it results that the judgment should be and it is reversed, with directions to grant the motion for a new trial and for proceedings consistent with this opinion.