## Banner Fork Joint Railroad Company v. Brock.

(Decided May 3, 1927.)

### Appeal from Harlan Circuit Court.

1. Pleading.—Where defendant's failure to file answer amounted to little less than negligence, refusal of court to allow filing of answer, and compelling trial without answer, held not error, where it did not appear filing answer would not have necessitated delay.

2. Pleading.—That plaintiff had excused his witnesses on account of defendant's failure to file answer did not of itself warrant compelling defendant to proceed to trial without answer, as plaintiff could not anticipate court would refuse to allow answer to be filed.

3. Appeal and Error.—Where testimony was not objected to at trial, it will not be considered on appeal as to admissibility.

4. Damages.—In action against railroad for damages to automobile resulting from defective construction of railroad crossing, instruction that jury should find for plaintiff as damages difference between value of automobile immediately before it was injured and value immediately after held error.

5. Damages.—Where injuries to personal property do not effect its destruction, measure of damages is difference between reasonable market value immediately before injury and reasonable market value immediately thereafter.

LEE & SNYDER for appellant.

C. B. SPICER for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellee instituted his suit in the Harlan circuit court against the appellant, in which he alleged that his automobile had been damaged in the town of Wallins Creek, in attempting to drive across the railroad track of appellant, and that the damage was caused by reason of the negligent and defective construction of the railroad crossing and the approach thereto. He claimed that his automobile had been damaged in the sum of $200.

The petition was filed on the 3rd day of December, 1925, and the case came on for trial on the 12th day of May, 1926. The appellant had filed no answer. The reason for the failure to file an answer is fully set out in the affidavits attached to the motion and grounds for a new trial. The failure to file the answer amounted to little less than negligence on the part of the attorneys who had been employed to represent appellant, and while their negligence probably should be excused by opposing attorneys as a matter of courtesy, it cannot be said that the court acted arbitrarily in abuse of his discretion in his refusal to allow the answer to be filed. We do not know whether the filing of the answer would have necessitated a delay in the trial, and for that reason we are not in position to say that the court was in error in compelling appellant to proceed with the trial without an answer. It is suggested in brief for appellee that he had allowed his witnesses to depart because no answer had been filed. That may not have been a good excuse, as the attorney for appellee had no means of knowing that the court would refuse to allow the filing of an answer. That no answer had been filed until the calling of the case for trial was at least persuasive that none would be filed, but it was not conclusive.

The court overruled a demurrer to the petition, which he allowed to be filed, and complaint is made of that ruling. The petition alleges a cause of action, and the ruling of the court on the demurrer was therefore not error.

At the conclusion of the evidence introduced by appellee to show the extent of the damage to his automobile the appellant moved for a peremptory instruction, which was overruled by the court. The evidence is exceedingly scant, and if it had been objected to we would be forced to hold that it was incompetent, on the ground that the form of the questions is objectionable and a portion

of the evidence is hearsay.  There was no objection, and the evidence was sufficient to take the case to the jury.

This disposes of all of the alleged errors, except the complaint about the instruction given by the court.  The instruction is erroneous, in that it directed the jury to find for the plaintiff as damages the difference between the value of his automobile immediately before it was injured and the value thereof immediately after it was injured.  Instead of its being left to the jury to find the difference between the value of the car just before the injury and the value of it just after the injury, the court should have told the jury to find the difference between the reasonable market value of the automobile just before the injury and the reasonable market value just after the injury.  In the case of Southern Railway in Kentucky v. Kentucky Grocery Co., 166 Ky. 94, 178 S. W. 1162 this court said:

> "Where an injury to personal property does not effect its destruction—that is, where it is susceptible of repair—the measure of damages is the difference between the reasonable market value of the property immediately before the injury at the place thereof, and its reasonable market value immediately after the injury at the place thereof."

In the case of C. N. O. & T. P. Ry. Co. v. Sweeney, 166 Ky. 360, 179 S. W. 214, the court considered an instruction in a case to recover damages to an automobile, which instruction was almost identical with the instruction given by the lower court in this case.  In determining whether the instruction was erroneous, this court discussed the matter at some length and cited a number of cases, and the conclusion reached was that the difference in the market value just before the injury and the market value just after the injury was the proper rule covering the measure of damages in such a case.  The court there said that the matter could not be left to the imagination of the owner of the injured property, or to the opinion which a jury may set up as the criterion of value.  This court in that case found that the question had been definitely settled, and that it was then beyond the sphere of controversy.  We can find no case since that one where the court has shown any disposition to unsettle the rule in such cases.

The appellee argues that the measure of damage instruction given by the lower court is substantially correct and relies on C. & O. R. R. Co. v. Grigsby, 131 Ky. 363, 115 S. W. 237, and the case of Davis v. Marks, 203 Ky. 477, 262 S. W. 615. In the Grigsby case there is a reference to the measure of damage instruction, which makes it appear that this court had some doubt as to whether an instruction such as was given in the case now under consideration would have justified a reversal of the case. The court, however, did nothing more than to suggest that, as the case had to be reversed on other grounds, the lower court should substitute in said instruction the words "reasonable market value" for the word "value." There is nothing in that case to support the contention of appellee that the instruction given by the lower court should be approved. Since the opinion in the Grigsby case was written, this court has given careful consideration to the same question in several cases, including those referred to above, and determined that the court in such instruction should use the words "reasonable market value," instead of the word "value."

In Davis v. Marks, supra, this court not only approved its former opinions in holding that the criterion of damage in such a case is the difference between the reasonable market value just before the injury and the reasonable market value just after the injury, but enlarged on previous opinions and most forcibly condemned instructions that attempted to set up any other measure of damages in such cases. The court said, however, in that case that, if facts and circumstances should show that the substantial rights of a party had not been prejudiced by the reason of giving such an erroneous instruction, a case would not be reversed because of it.

As the appeal must be granted, and the cause remanded for a new trial, the lower court will allow the appellant to file the answer which it tendered.

The appeal prayed for is granted, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.