# Park v. Schell.

(Decided May 31, 1927.)

## Appeal from Kenton Circuit Court.

1. Highways.—In action for injuries resulting from automobile collision occurring on bridge, question of negligence of defendant's wife in turning automobile causing collision held for jury.

2. Damages.—In action for injuries resulting from automobile collision, extent of injuries which plaintiff sustained held for determination of jury.

3. Trial.—Instruction, in action for injuries, that jury should find for plaintiff unless they believed that defendant's wife had car under control and kept proper lookout and used ordinary care, held not erroneous as placing burden of proof on defendant, in view of instruction that jury should find for plaintiff if defendant's wife failed to discharge such duties.

4. Evidence.—Testimony that plaintiff, in asking witness to testify in suit in magistrate's court to recover for damages to car, did not mention personal injuries held inadmissible, in action for injuries resulting from automobile collision.

5. Highways.—Evidence of motorman as to speed of street car was competent, where plaintiff, suing for injuries from collision of his automobile with defendants, drove alongside street car.

6. Appeal and Error.—Though plaintiff suing for injuries from collision with another automobile was driving alongside street car, excluding evidence of motorman as to speed of street car held not prejudicial, where there was nothing to indicate that plaintiff was driving at dangerous rate of speed; speed being from 12 to 18 miles an hour.

7. Damages.—Damages awarded for injury to automobile resulting from collision were not rendered excessive by fact that plaintiff had previously filed suit before magistrate claiming lesser amount than that which jury awarded.

8. Appeal and Error.—Judgment should not be reversed for alleged errors not prejudicial to substantial rights of appellant.

9. Appeal and Error.—In action for injuries resulting from automobile collision, incidental testimony of plaintiff that defendant carried insurance against liability, though error, held not prejudicial, where not constituting attempt to place information before jury.

10. Appeal and Error.—Appellant cannot complain of trial court's failure to discharge jury for alleged errors in proceedings, where no motion for discharge was made.

ROBERT C. SIMMONS and LOUIS B. SAWYER for appellant.

GALVIN & TRACY for appellee.

Opinion of the Court by Judge Logan—Affirming.

This is an appeal from a judgment for $2,467, awarded to appellee by a jury in the Kenton circuit court. There had been a previous trial of the case which resulted in a verdict for $3,767 in favor of appellee. Nothing appears in the record as a reason for the setting aside of the first verdict. The verdict on which the judgment appealed from is based allowed appellee $2,200 for the injury to his person, $150 for damages to his car, and $117 the value of his time lost.

Only a brief recital of the facts is necessary. Appellee claims that, while proceeding in his automobile across the suspension bridge to Cincinnati where he worked, the wife of appellant suddenly turned the electric automobile driven by her so as to collide with him at a point on the bridge just past the center where it begins to descend towards Cincinnati. He claims that as a result of said collision he was twisted and turned and thrown against his steering wheel, causing an injury to his spine, and that he has not fully recovered. Appellant insists that his wife did not change the course of her car, and that appellee recklessly drove his car in such a manner as to collide with her car. Appellee sustains his contention by the witnesses who testified for him, and appellant sustains his contention by the testimony of his wife and probably by other witnesses. After the collision, appellee continued his work from the 7th day of October until the 18th day thereof, but during this time he was making visits to a chiropractor. He drove out to the office of the chiropractor himself occasionally, and at other times he was driven by his son. On the last-mentioned date, while visiting the chiropractor, he had a collapse, and was carried to his sister's home, where he remained about two weeks, and he spent about a week at home thereafter. He then returned to his work, but he insists that he has not been able since his return to perform his work as before his injury. He testified that he had suffered very much, and that he had a stiffness and pain in his back and over the sacroiliac tract. He was X-rayed on the 15th of October, and it is claimed that the X-ray picture showed a curvature of the spine. According to the testimony of appellee, corroborated at least in part by the doctors, his injury was painful and interfered with his following his usual business. The testimony of

appellant's witnesses on the question of the extent of the injury to appellee tended to contradict the evidence offered by appellee.

The question as to the negligence of appellant, resulting in the collision and the extent of the injuries to appellee, were proper questions for determination by the jury, and there is enough evidence to support the jury on these questions in favor of appellee, and there was probably enough evidence to have supported a verdict in favor of appellant. For that reason there is no occasion for us to go into these matters, which were within the province of the jury if submitted to its consideration by proper instructions.

But appellant objects to the instructions given by the court, and insists that taking the first and second instructions together the effect of them was to place the burden on appellant to establish freedom from negligence on the part of his wife. It is admitted that the first instruction correctly submitted the legal principles to the jury controlling appellee's right to recover, and properly indicated the burden of proof, but appellant complains that it was error to modify the first instruction by telling the jury that they should find for appellee unless they believed as named in instruction No. 2 or 3, in which event they should find for appellant. Instruction No. 3 is the instruction on contributory negligence, and is not complained of by appellant. The second instruction is exactly the converse of the first instruction. The first instruction required the jury to believe from the evidence, before they could return a verdict for appellee, that appellant's wife in operating the car in which she was riding at the time and place of the collision, should have had the car driven by her under reasonable control and kept a lookout ahead of her for persons and vehicles using said bridge at said time and place, and that she was under the duty to exercise ordinary care to prevent injury to persons and vehicles on said bridge at said time and place, and if she failed to discharge these duties imposed upon her by this instruction, that the jury was authorized to return a verdict for appellee. The second instruction tells the jury that, if they believe from the evidence that appellant's wife at the time and place of the collision of the cars mentioned in the evidence did have the automobile which she was operating under reasonable control and did keep a lookout ahead for persons and vehicles using said

bridge at said time and did use ordinary care to prevent injury to persons and vehicles using said bridge at said time and place, they should find for the appellant. The first instruction defines the duties resting upon appellant's wife at the time of the injury and tells the jury that, if she failed to perform those duties, or any of them, they should find for appellee, but in the second instruction the jury were told that, if they believd she did perform these duties, they should find for appellant. We do not agree with counsel for appellant that the second instruction placed the burden of proof on appellant. The jury were not authorized to return a verdict in favor of appellee unless they believed from the evidence that appellant's wife failed to discharge the duties imposed upon her. Certainly the jury could not return a verdict in favor of appellee without finding that she failed in some particular to discharge the duties imposed upon her by the first instruction. The second instruction excused appellant if his wife did perform the duties imposed upon her. No doubt it would have been error if the court by the instructions had placed the burden of proof on appellant and the authorities cited by counsel for appellant would be in point, but we cannot agree that the second instruction had the effect of shifting the burden of proof.

It is complained of by counsel for appellant that the lower court sustained an objection to a certain question asked one of the witnesses. It appears that appellee had instituted suit in a magistrate's court to recover for damages to his car, and, in talking to this witness and asking him to appear and testify in his behalf, appellee did not claim that he had been injured or that there was any damage other than the injury to his car. We do not see how such evidence is competent. It is not claimed that appellee said anything about any other injury, and, as he made no statement concerning any other injury, there was nothing that tended one way or the other to help or hurt his case. The only matter he was discussing was the injury to his automobile and the nature of his conversation did not require that he go into the question of injury to himself. It is complained that the court sustained an objection to the evidence of the motorman driving the street car referred to in the testimony. Appellee had testified that he was driving alongside the street car, and we think that the evidence as to the speed

of the street car was therefore competent. The motorman stated that his street car was moving about 15 miles an hour, and that in his judgment appellee was traveling about 16 or 18 miles an hour. There is nothing to indicate that appellee was traveling at a dangerous rate of speed, and for that reason we cannot agree that the evidence excluded was material or that the exclusion thereof was prejudicial to the rights of appellant. Appellee testified that he was traveling from 12 to 15 miles an hour, and the motorman stated that appellee was traveling from 16 to 18 miles an hour. Their statements as to the speed so closely coincide that the evidence of the motorman would not have been a material contradiction of the evidence of the appellee.

It is urged that the damages awarded were excessive. It is true that appellee filed a suit before a magistrate claiming that the damage to his car amounted to only $66.25. He explains that he did this because he had a contract of some kind with a service company, and that he filed that suit at the instance of the service company. In his suit in the circuit court he alleged that the damage to his car was $150. The evidence is fully sufficient to sustain the verdict of the jury on this point. By an amended petition filed before the second trial appellee claimed that his car had been damaged $350, and the evidence tends to show that the damage was more than $150, the amount allowed by the jury, rather than less. This case has been tried twice, and on the first trial the jury returned a verdict for $3,767, while on the last trial the verdict is for $2,467. It may be that appellee was not injured to the extent that he claims or that his testimony shows, and it may be that appellant is correct in his contention that appellee was actually very slightly injured, if at all, 'but that is not a question for this court to determine. He offered substantial evidence as to the extent of his injuries, and, if his evidence so offered was believed by the jury, the verdict is not excessive.

There are one or two other minor grounds urged for reversal, but they are without substantial merit. One of them relates to the evidence tending to show the damage to appellee's car, and another relates to the admission of alleged incompetent evidence offered by appellee in rebuttal. There was no error in these respects prejudicial to the substantial rights of the appellant.

It was improper and therefore erroneous for appellee to testify before the jury to any fact giving informa-

tion to the jury that appellant carried insurance on his car against liability growing out of accidents. No motion was made to discharge the jury and, as appellant did not enter such a motion, he cannot rely on that error in this court. We doubt if the reference to the insurance was prejudicial under the circumstances, as it was a mere incident and not an attempt to place the information before the jury, and, under the rule announced in the case of Felder v. Wilbers, 208 Ky. 830, 271 S. W. 1096, we do not think the error was of sufficient gravity to justify a reversal, even if a motion to discharge the jury had been made and overruled.

After a careful consideration of the entire record, we find no prejudicial error to the substantial rights of appellant.

The judgment is affirmed.