# Trevillian v. Boswell.

(Decided November 24, 1931.)

238

KIRK & BARTLETT; HUMPHREY, CRAWFORD & MIDDLETON; and MARVN H. TAYLOR for appellant.

HEAVRIN & MARTIN for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Bennie Boswell, in company with H. C. Crowder on the evening of the 15th day of October, 1929, was traveling in his new Chevrolet four-door sedan, in Ohio county, Ky., on the Hartford and Owensboro highway. He was operating the automobile himself, returning from the Bartlett and Buford sections of Ohio county to Hartford Ky. It was early in the evening, just after dark. At a point on the highway near the village of Buford, between Buford and Mt. Carmel church, he met a truck owned by W. B. Trevillian, and operated by one of his employees. The truck and automobile met on or at a bridge. The highway was surfaced with gravel and rock, the surfaced part being about 18 feet wide, and the highway proper at the point of collision was about 23 feet wide. The truck came out of a side road onto the highway, and traveled it to where the collision occurred. There was attached to the truck a trailer which was fastened to the truck by a coupling pole. Before the two vehicles approached each other, Boswell and his companion saw the headlights of the truck as it came out of the side road onto the highway and turned north toward Owensboro, and also as it came on toward them. On observing the truck, he operated his automobile on the right-hand side of the road, and, as he claims, stopped it within two feet of the edge of the road on the bridge or the approach to it, giving the truck at least 16 feet of the road in which to pass his automobile. He also claims that the chauffeur in charge of the truck appeared to be in a hurry, and was driving at a rapid rate of speed. Two men occupied the seat of the truck with him. Boswell

claims the truck was on the left of the center of the road at the time the collision occurred, and that this caused the collision which resulted in "breaking the left front axle, tearing off the running board and fenders, breaking off the left hand doors and completely demolishing the left side of Boswell's car."

Services were being held at Mt. Carmel church, near the scene of the collision; men were standing on the church ground, and, on hearing the impact of the collision, they went to the scene. The track of the truck and the relative positions of the truck and automobile immediately following the collision are described by the parties who were traveling in the automobile and the truck at the time, as well as those who came from the church. The point of contact of the automobile with the truck was on the side of the truck. However, Boswell was unable to say what part of the truck was struck, causing the collision.

Boswell filed this action to recover damages to his automobile resulting from the collision. On a trial by jury, a verdict was returned in his favor for the sum of $350. A judgment was accordingly entered, from which Trevillian appeals.

As grounds for reversal, he insists that counsel of Boswell, the appellee, was guilty of misconduct in the opening statement of the case to the jury, and in the introduction of evidence; that incompetent evidence was admitted and improper instructions were given.

In the opening statement of the case, counsel of appellee used this language:

"At the time of the accident, defendant stated it was his truck, and that he was carrying insurance on his car, and that there would be no trouble to him, for plaintiff to fix up his statement and send it to the company."

H. C. Crowder, a witness for the appellee, was asked and answered as follows:

"Q. Just tell the jury what statement Trevillian made? Attorneys for defendant objected; no ruling. A. He said, 'I am in a hurry; I live in Owensboro, I will give you my number,' and he went on to say a member of the insurance—

"The Court: What did he say, if anything about the expense? A. He said I will not give you

240

any trouble. You will have no trouble about this, he had his car insured—

"Q. And that he said you would have no trouble? A. Yes, sir, he said more than that—"

The appellant was not present at the time the collision occurred, but shortly thereafter he arrived thereat, when the alleged statement was made by him. The appellee contends that the statement was admissible as evidence as part of the res gestae. Res gestae may be defined as follows: "A circumstance, fact or declaration which grows out of the main fact, contemporaneous with it, and which serves to illuminate its character." Each case depends on its own circumstances. Illinois Cent. Ry. Co. v. Houchins, 125 Ky. 483, 101 S. W. 924, 31 Ky. Law Rep. 93; National Life & Accident Ins. Co. v. Hedges, 233 Ky. 840, 27 S. W. (2d) 422; Barton v. Com., 238 Ky. 356, 38 S. W. (2d) 218; Stewart v. Com., 235 Ky. 670, 32 S. W. (2d) 29. The statement of appellant, as disclosed by the statements of counsel and by the testimony of Crowder, was in no sense res gestae.

At the time of the making of counsel's opening statement of the case to the jury, the appellant objected and entered a motion to discharge the jury. The court overruled his motion, to which he excepted. At the time the testimony supra of the witness Crowder was admitted, he objected thereto and entered a motion to set aside the swearing of the jury, to discharge it, and to continue the case. His motion was overruled, to which he excepted.

At the conclusion of the hearing of the evidence on the same ground, he again entered his motion to set aside the swearing of the jury, to discharge it, and to continue the case. His motion was again overruled, to which he excepted.

It is not permissible in every action for damages to permit it to be developed that the defendant carried indemnity insurance at the time of the accident. Coral Ridge Clay Products Co. v. Collins, 181 Ky. 818, 205 S. W. 958; Hedger v. Davis, 236 Ky. 432, 33 S. W. (2d) 310; Gayheart v. Smith, 240 Ky. —, 42 S. W. (2d) 877, 880.

In Gayheart v. Smith, supra, the court said:

"We have repeatedly announced the rule to be that it is error to permit testimony to the effect that the defendant . . . was at the time of the trans-

action under investigation protected by indemnity insurance, and that it was a mistake on the part of counsel for a plaintiff, when not acting in good faith, to interrogate prospective jurors, or witnesses, in the case for the purpose of bringing such fact to the attention of the jury.'' Dow Wire Works Co. v. Morgan, 96 S. W. 530, 29 Ky. Law Rep. 854; Owensboro Wagon Co. v. Boling, 107 S. W. 264, 32 Ky. Law Rep. 816; Kentucky Wagon Mfg. Co. v. Duganics (Ky.), 113 S. W. 128; Danville Light, Power & Traction Co. v. Baldwin, 178 Ky. 184, 198 S. W. 713; Fidelity & Deposit Co. v. Com., 231 Ky. 346, 21 S. W. (2d) 452; Duncan Coal Co. v. Thompson's Adm'r, 157 Ky. 304, 162 S. W. 1139; Park v. Schell, 220 Ky. 317, 295 S. W. 161; Tri-State Ref. Co. v. Skaggs, 223 Ky. 731, 4 S. W. (2d) 739; Netter v. Caldwell, 173 Ky. 200, 190 S. W. 721; Hedger v. Davis, supra.

In an action for damages, evidence that the defendant was protected at the time of the transaction under investigation by indemnity insurance may be admissible under certain circumstances to show kinship, business connection, employment. ownership of the property involved in the transaction, or to show the bias or interest of a witness calculated to influence him in the giving of his testimony or to illustrate or explain any other fact or circumstance bearing on any issue made by the pleadings. Coral Ridge Clay Products Co. v. Collins, supra; Gayheart et al. v. Smith, supra; Hedger v. Davis, supra; Egner v. Curtis, Towle & Paine Co., 96 Neb. 18, 146 N. W. 1032, L. R. A. 1915A, 153; 1st Greenleaf on Evidence (16 Ed.), sec. 446; 5 Chamberlain on Evidence, secs. 3752, 3753.

Viewing the statement of counsel and the testimony of the witness Crowder in the light of the applicable rule, it is our opinion that it was misconduct on the part of counsel to make to the jury the statement complained of, and to inquire of the witness Crowder, so as to get before it the appellant's statement relating to indemnity insurance. Both were improper and should have been excluded and the jury should have been admonished not to regard the same for any purpose, or his motion to discharge the jury should have been sustained. The statement of counsel and the testimony of the witness Crowder, relating to indemnity insurance, had no bearing on,

and was not relevant to, any question or issue in the case. Plainly counsel intended thereby to influence unduly, and to prejudice, the minds of the jurors against the appellant and his defense. It did not and could not serve any other purpose. The statement of the appellant, as disclosed by the testimony of Crowder, was in no way related to, and shed no light on the issue of negligence or contributory negligence of the persons engaged in operating the vehicles at the time of the collision. No part of it was competent except the statement of the appellant that he was the owner of the truck.

Counsel, when interrogating jurors or witnesses concerning indemnity insurance, is subject to the rule that it must be done in the utmost good faith to protect some right of his client, and must be relevant to the issue made by the pleadings. Then he does so at the peril and at the cost of his client, if his so doing does not clearly appear to be in absolute good faith. The client is responsible for his counsel's conduct for whatever may be done by him in the pursuit of his cause or defense, in the conduct of the trial, in the interrogation of the witnesses, and in the argument of the case. Smith's Heirs v. Dixon, 3 Metc. 438; Sayre v. Com., 194 Ky. 338, 238 S. W. 737, 24 A. L. R. 1017; James v. Com., 197 Ky. 577, 247 S. W. 945; Kentucky & W. Va. Power Co. v. Saulsbury, 231 Ky. 788, 22 S. W. (2d) 281. In some instances, where the defendant was protected by indemnity insurance, we have held that the action of the court excluding statements or evidence relating thereto from the consideration of the jury, where accompanied by an admonition to the jury to disregard such, was not prejudicial. Danville Light, Power & Traction Co. v. Baldwin, 178 Ky. 184, 198 S. W. 713; Fidelity & Deposit Co. v. Com., 231 Ky. 346, 21 S. W. (2d) 452, and cases cited; Tri-State Refining Co. v. Skaggs, 223 Ky. 731, 4 S. W. (2d) 739; Kentucky Wagon Mfg. Co. v. Duganics, supra.

Even in cases where it is proper to admit evidence touching the subject of indemnity insurance, the safest practice, if a seasonable motion is made, is for the court to admonish the jury that it cannot consider the evidence for any purpose except that for which it is admitted.

Instruction No. 1 imposed on the defendant the duty of giving notice of the approach of the truck by customary signals, to keep a lookout ahead for other vehicles on the highway, to operate it at a reasonable rate of speed, to exercise ordinary care to prevent a collision,

and to drive it on the right-hand side of the center of the highway.

The evidence shows that the operator of the automobile knew of the approach of the truck before, and at the time, the collision occurred. Therefore, the giving of a signal to warn the occupants of the automobile of the approach of the truck was not necessary or required. White Swan Laundry Co. v. Boyd, 212 Ky. 747, 279 S. W. 345. It is unnecessary to consider all of the criticisms offered against instruction No. 1, since it should not be given on another trial, if one should be had. The evidence in behalf of appellee tends to show that the truck was operated beyond the center of the highway, and that the chauffeur was not at the time of the collision giving attention to the presence of the appellee's automobile, and to his own operation of the truck, and that, from such operation of the truck and conduct of the driver, the damages to appellee's automobile resulted.

It was the duty of the operator of the truck at the time and place mentioned in the evidence to operate it on his right-hand side of the road, giving to appellee's automobile the other half of the road as nearly as possible, and when the two vehicles were meeting on the bridge, if the jury believed from the evidence they met each other thereon, to operate it at a speed not greater than 20 miles per hour, and to exercise ordinary care to avoid a collision with appellee's automobile; and, if it believed from the evidence that the driver of appellant's truck failed to observe one or more of these duties, and thereby appellee's automobile was damaged, to find for him, unless it so believed, to find for the appellant, unless the jury found for appellee under the instruction on contributory negligence. Section 2739g-39 Ky. Statutes; Pope-Cawood Lumber & Supply Co. v. Cleet, 236 Ky. 366, 33 S. W. (2d) 360; Wener v. Pope, 209 Ky. 553, 273 S. W. 92. Such an instruction, with one on contributory negligence, and others defining negligence, ordinary care, and the measure of damages should be given. The jury should be instructed that nine or more, less than twelve, may agree on a verdict, and, in such event, how the verdict should be signed.

The criticism of the instruction on the measure of damages is meritorious. It furnished no criterion to the jury to guide it in determining the damages to appellee's car. The measure of damages for the injury to such personal property is the difference, if any, between the

reasonable market value thereof immediately before and immediately after its injury. Weil v. Hagan, 161 Ky. 292, 170 S. W. 618; City of Paris v. Baldwin Brothers, 169 Ky. 802, 185 S. W. 144; Banner Fork Joint R. Co. v. Brock, 219 Ky. 652, 294 S. W. 188; Southern Ry. in Kentucky v. Ky. Grocery Co., 166 Ky. 94, 178 S. W. 1162; Cincinnati, N. O. & T. P. Ry. Co. v. Sweeney, 166 Ky. 360, 179 S. W. 214; Adams & Sullivan v. Sengel, 177 Ky. 535, 197 S. W. 974, 7 A. L. R. 268; Davis v. Marks, 203 Ky. 477, 262 S. W. 613; Kappa v. Brewer, 207 Ky. 61, 268 S. W. 831; Louisville Taxicab & Transfer Co. v. Ramey, 222 Ky. 286, 300 S. W. 890; Big Sandy & K. R. R. Co. v. Blair, 224 Ky. 367, 6 S. W. (2d) 453; Coleman v. Nelson, 224 Ky. 460, 6 S. W. (2d) 454.

The jury found a verdict upon the instructions given by the court which went to the decision of the subject. Considering the misconduct of appellee's attorney and the incompetent evidence of Crowder, together with the instructions of the court, it cannot be said that the jury was uninfluenced by the instructions of the court which we conceive to be erroneous. The jury might have found differently under proper instructions. Gillespie v. Gillespie's Heirs, 2 Bibb, 89; National Casket Co. v. Powar, 137 Ky. 156, 125 S. W. 279. It is a general rule that an error in the instructions is ground for reversal, unless it affirmatively appears that it was not prejudicial. Gillespie v. Gillespie's Heirs, supra; Thorne v. Haley, 1 Dana, 268; Manier v. Myers, 4 B. Mon. 514; section 514 Civil Code of Practice; Skidmore v. Harris, 157 Ky. 756, 164 S. W. 98.

The appellant contends that he was entitled to an instruction authorizing a verdict for him, if the jury believed from the evidence that the damage to appellee's automobile was the proximate result of an unavoidable accident. This theory was not authorized by the evidence. An "unavoidable accident" is an occurrence which could not be avoided by that degree of prudence, foresight, care, and caution which the law requires of every one under the circumstances of the particular case. San Pedro, Etc., Ry. Co. v. U. S. (C. C. A.), 220 F. 737, 744; E. P. Barnes & Bro. v. Eastin, 190 Ky. 392, 227 S. W. 578.

In support of his argument for an instruction on an "unavoidable accident," he insists that dust interfered with the vision of the driver of his truck. If his vision

was interrupted by a cloud of dust, it was his duty to exercise ordinary care under that condition to avoid a collision with other vehicles on the highway. Best's Adm'r v. Adams, 234 Ky. 702, 28 S. W. (2d) 484. If he continued to travel with the knowledge of the presence of a cloud of dust which interfered with his vision, and with his operation of the truck with due regard to the presence and safety of other vehicles on the highway, in that event it was his duty, if necessary to avoid the collision, to bring his truck to a stop. Barnes & Bro. v. Eastin, supra; Dulaney v. Sebastian's Adm'r, 239 Ky. 577, 39 S. W. (2d) 1000; Ware v. Saufley, 194 Ky. 53, 237 S. W. 1060, 24 A. L. R. 500.

The evidence was conflicting as to whether the driver of appellant's truck was driving it beyond the center of the highway. Such conflicting evidence presented an issue for the jury. Wilkerson v. Sanderson, 233 Ky. 493, 26 S. W. (2d) 1; Taylor v. Vaughan, 236 Ky. 102, 32 S. W. (2d) 724.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.