# Austin Powder Co. v. Langdon.

January 31, 1950.

S. M. Ward, Judge.

Craft & Stanfill for appellant.

Cornett & Dixon for appellee.

MORRIS, COMMISSIONER—Reversing.

Appellee, plaintiff below, recovered a judgment for $2,000 against appellant on account of an injury received when, it is alleged, the truck of appellant struck his truck. Appellant seeking a reversal contends that the court erroneously (1) overruled its motion to discharge the jury and continue the case because of irregular formation of the jury. (2) In the admission of incompetent and prejudicial evidence. (3) The damages awarded are excessive, and lastly the verdict is flagrantly against the evidence.

The facts are few and simple. On the occasion Langdon was riding in the bed of a small truck owned by him and driven by his employee Walter Nicely, Jr. Appellant's truck was driven by its employee Gabbard. Both were proceeding in the same direction on Highway 80 from Hazard to Leslie County. The accident occurred on a straight portion of the highway on a clear day.

There is a conflict of evidence as to how the accident occurred or just what caused it. Gabbard says he was driving at about 20 miles per hour as he came up behind the Langdon truck; as he neared it he "blew his horn for the road; the driver of the other truck did not hear and didn't get out of the road, and I blew two or three times and he laid over." He says he speeded up as he passed. He continued, "I went to pass him; I had a boy with me; he looked back and said 'that man is in the ditch.' I went back and he claimed I knocked him off the road." He denied that his truck struck the Langdon truck.

Langdon who suffered a dislocated shoulder, said he saw appellant's truck about the time it started past his truck. He did not hear the sound of a horn. The driver of his truck said he heard no horn blow, and both said that the Company's truck pulled over in front of their truck and the right front wheel of appellant's truck struck Langdon's left front wheel, tearing off the lug bolts and forced their truck into a ditch. Gabbard denied that he cut into the Langdon truck, and says he neither felt nor heard any impact; that he was on his left side of the road near the shoulder.

From this brief statement of the proof it is apparent that the case was properly submitted to the jury. However, when Langdon was testifying his attorney asked him if he had talked to Gabbard after the collision; he replied that he had at Gabbard's home; asked what he had said, he replied: "He said they would take care of the hospital bill; that they had insurance." At this point appellant moved to discharge the jury and continue the case for trial. This motion was overruled. This is the incompetent evidence about which appellant complains.

Appellee first argues that the court properly overruled the motion because no objection was interposed

at the time, thus not allowing the court to admonish the jury "not to consider the answer." This contention is fully answered by what we said in the recent case of Kaufman-Straus Co. v. Short, 311 Ky. 78, 223 S. W. 2d 367, 368: "The appellee seeks refuge in the claim that defendant's counsel waived the impropriety of the doctor's answer by failing to object to it and to take steps to have it withdrawn. The objection is implicit in the motion to discharge the jury. * * * The question we have * * * is whether the voluntary statement of the witness is to be deemed so prejudicial as to require a reversal of the judgment because of the ruling of the court upon the defendant's restricted motion."

Here the question is whether or not the answer of plaintiff tended to influence the jury. Counsel for appellee argues that when there is no showing of misconduct on the part of counsel in bringing out the answer, and the answer was made inadvertently, then the court should allow the trial to go forward, citing Marsee v. Johnson, 260 Ky. 615, 86 S. W. 2d 299, and Consolidated Coach Corp. v. Hopkins, 228 Ky. 184, 14 S. W. 2d 768. These are distinguishable from the instant case.

In both cases we found no evidence of misconduct or bad faith on the part of either counsel or party. In the Marsee case the answer was by a witness, not a party, who testified that a written statement had been taken by the agent of an insurance company. In the Consolidated Coach case the answer came out inadvertently on cross-examination by defendant's counsel, and appeared to be a bona fide and responsive answer to a question as to a delay by plaintiff in asserting his claim.

There is a difference here; the improper statement was not inadvertent, nor from a witness not a party, but from the plaintiff himself, who no doubt had theretofore advised counsel of his conversation with Gabbard, and no doubt had advised him as to what was said in that conversation. Counsel should have advised the plaintiff as to the impropriety of his answer. The answer was neither inadvertent nor involuntary, and whether made for the purpose of having influence on the jury, it may well be presumed that the tendency was so to do.

This error alone is sufficient to require us to reverse

the judgment. We find ample authority for our conclusion in the Kaufman Straus case, supra; Nickell v. Stewart, 291 Ky. 4, 163 S. W. 2d 39, and Trevillian v. Boswell, 241 Ky. 237, 43 S. W. 2d 715, and cases therein cited. It follows that it is not necessary to discuss the question in respect of the formation of the jury, or the claim of excessive verdict.

The judgment is reversed for a new trial consistent with this opinion.

Judgment reversed.