## POTTER v. TRENT.

Court of Appeals of Kentucky.

Nov. 6, 1953.

J. H. Powers, Morehead, Counts & Counts, Olive Hill, for appellant.

Elijah M. Hogge, Lester Hogge, Morehead, for appellee.

STEWART, Justice.

This action was instituted to recover damages incurred as the result of an accident involving automobiles owned and driven by appellant, Frank Potter, and appellee, Hobert Trent. Two guests in appellee's automobile at the time of the collision also brought suit against appellant. In these three actions, consolidated and tried together, judgment was rendered in favor of appellee and his guests. This appeal, however, is prosecuted solely from a $5,430 judgment in appellee's favor.

Appellant urges a reversal because: (1) One of appellee's counsel was guilty of misconduct in his voir dire examination of prospective jurors; (2) the verdict is not sustained by the evidence and he was entitled to a peremptory instruction; and (3) the court erred in giving "Instruction No. 5."

The record discloses that the following questions and answers were brought out by appellee's counsel before the entire panel in the voir dire examination of the first and second prospective jurors:

First juror

"Q. What is your occupation? A. Insurance salesman.

"Q. What kind? A. Several lines.

"Q. What kind? A. Life and casualty and automobile.

"Q. What type automobile? A. Practically all types, public liability and property damage."

Second juror

"Q. What is your occupation? A. Insurance salesman.

"Q. What kind? A. All types, casualty and automobile.

"Q. Does the automobile include public liability? A. Yes."

At the conclusion of the foregoing questioning, counsel for appellant moved the court to set aside the swearing of the jury and continue the case. This motion was overruled and proper exceptions were reserved.

The affidavit filed by appellant in support of his motion for a new trial set forth these facts: The two persons interrogated in the manner just indicated were not questioned in the order in which they were drawn or seated; in fact, they were not in the jury box at the time. The attorney who did the examining was well acquainted with the two men; he knew they were writers of all types of automobile liability insurance; and he did not seek to obtain any information which he did not already possess. The counter-affidavit filed by appellee did not rebut these statements.

Did the court commit a reversible error in failing to sustain appellant's motion?

■ An attorney, when interrogating jurors concerning automobile liability insurance in a case like the one under consideration, is subject to the rule that it must be done to protect some right of his client. However, in conducting his examination he does so at the peril and at the cost of his client, if in the course of his interrogation it clearly appears he has a questionable purpose in mind. Trevillian v. Boswell, 241 Ky. 237, 43 S.W.2d 715. We have held that if counsel's interrogation is merely an adroit effort to get before the jury the fact that the defendant has insurance, it should not be permitted. Helton v. Prater's Adm'r, 272 Ky. 574, 114 S.W.2d 1120, 1123. In this same case, this statement was also made: "In the armory of the law, the privilege of counsel to interrogate jurors on their voir dire is a shield and not a dagger—a shield to protect a client and not a dagger to stab his opponent. Counsel must not mistake his weapon."

■ When we attempt to analyze the motive for questioning the two prospective jurors along the line we have described we are at a loss to understand what benefit the interrogator was seeking to accomplish in behalf of his client. He has furnished us no reasonable basis for his action. Any disqualifying interest the two persons might have had was wholly within the knowledge of counsel. In the face of the admitted facts, we are forced to conclude that the intent behind the examination of the two men can be construed in no other light than that it was a design to get before the jury the idea that appellant carried automobile liability insurance. In numerous cases we have pointed out that a reference to insurance is invariably calculated to influence the jury in arriving at its verdict both as to the issue of culpable negligence as well as to the amount of damages. Star Furniture Co. v. Holland, 273 Ky. 617, 117 S.W.2d 603. The judgment must be reversed for the reason that we are of the opinion there was a lack of good faith on the part of counsel in his interrogation of the two jurors.

Hoagland v. Dolan, 259 Ky. 1, 81 S.W.2d 869, and Dow Wire Works Co. v. Morgan, 96 S.W. 530, 29 Ky.Law Rep. 854, are relied upon as controlling here. In each of these cases the insurance question was directed in a general way to the panel as a whole and this Court, in upholding such a type of interrogation, concluded that an inquiry of this nature could be asked in good faith for the ascertainment of the jury's suspected bias when supported by reasonable grounds therefor. We have shown there was no justifiable necessity for bringing out the insurance angle in the case at bar.

■ There is no merit in appellant's contention that the court should have instructed the jury to find for him. The two cars collided as they approached each other from opposite directions on a straightaway course of the highway. There is considerable conflict in the evidence as to the speed and the position of each automobile on the paved portion of the road just before the impact. Appellant insists that the location of appellee's car after the accident indicates the latter was speeding, whereas

188

appellee argues that most of the debris was on his side of the road, thus proving, according to his theory, that appellant struck him on his side of the highway. A careful reading of the testimony leads us to the conclusion that this was unquestionably a jury case.

A final complaint concerns the fifth instruction which was to the effect that "plaintiffs" could recover even though appellee was negligent. Plaintiffs here included appellee and the two guests. The instruction was plainly erroneous, in that the use of the word "plaintiffs" was not qualified so as to exclude appellee. This mistake obviously occurred when the particular instruction was drafted and we may safely assume it will not recur at a retrial of this case.

Wherefore, the judgment is reversed with directions that it be set aside and the case is remanded for proceedings not inconsistent with this opinion.