CASE 64—PETITION ORDINARY—MAY 9.

## Kentucky Hotel Company v. Camp.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

</div>

1. CARRIERS—CARE REQUIRED IN OPERATION OF PASSENGER ELEVATOR.—The owner and manager of an elevator for passengers is to be treated as a public carrier of passengers, and is subject to the same responsibilities as a railway passenger carrier. Therefore the law holds him to the utmost diligence and care of very cautious persons, and responsible for the slightest neglect.
   In this action against a hotel company to recover damages for injuries to plaintiff (a boy under seven years of age) while riding in defendant's elevator, the court properly instructed the jury that "it was the duty of defendant to exercise the highest degree of care and skill usually exercised by prudent persons in the same business, in the management and operation of the elevator in which plaintiff was riding at the time he was injured;" and further that if they believed that the defendant failed to exercise that degree of care in the selection of its agents to run the elevator, or that its agents or servants, whether competent or not, failed to exercise that degree of care in the management of the elevator, the law was for plaintiff.

2. SAME—INSTRUCTIONS AS TO CONTRIBUTORY NEGLIGENCE.—The court after instructing the jury as to contributory negligence properly instructed them that they "ought not to find plaintiff contributed by negligence to cause his injury unless they shall believe from the evidence that he failed to exercise that degree of care for his own safety which ordinarily careful and prudent children of his age, -experience and discretion are accustomed to observe under same or similar circumstances."

3. VERDICT SUPPORTED BY EVIDENCE.—The jury having under such instuctions found for plaintiff, thus in effect finding that it was negligence in those operating the elevator to permit plaintiff to sit in front of the door of the elevator and so close as that in turning round at the call of one of the two boys operating the elevator his foot and leg were caught and crushed, that finding will not be disturbed.

4. A VERDICT FOR DEFENDANT UPON A FORMER TRIAL WAS PROPERLY SET ASIDE because of error of the court in failing to define the degree of care, skill and diligence necessary to be used in operating an elevator.

5. EXCESSIVE VERDICT.—A verdict for $500.00 was not excessive, the plaintiff's general health being impaired by his injuries.

BULLITT & SHEILD AND O'NEAL, PHELPS, PRYOR & SELLIGMAN FOR APPELLANT.

1. The court erred in setting aside the first verdict. The instructions under which that verdict was returned presented the law correctly. Besides, defendant was entitled to a peremptory instruction.

2. The court erred upon the second trial in admitting the testimony of Mrs. Camp as to what was said to her by Frank Jackson. These declarations formed no part of the *res gestae*. (Ky. Cent. Ry. Co. v. Fox, 10 Ky. Law Rep., 399; Ryan v. Gilmer, 4 Ky. Law Rep., 151; Luby v. Hudson River Co., 17 N. Y., 131; Bellefontaine R'y Co. v. Hunter, 33 Ind., 335; s. c. 5 Am. Rep., 201; Lane v. Bryan, 69 Am. Dec., 282; Patterson v. Wabash &c. R. Co., 57 Mich., 91; Williamson v. Cambridge &c Co., 144 Mass., 148; Adams v. Hannibal R. Co., 74 Mo., 553; s. c. 41 Am. Rep., 333.)

3. The court erred in instructing the jury that it was the duty of the defendant to exercise the *highest* degree of care and skill usually exercised by prudent persons in the same business.

4. *This was* a case for peremptory instruction. When the facts are undisputed, and there can be but one conclusion drawn by reasonable men, then the law is for the court. (Stout v. Railroad Co., 17 Wall, 657; Needham v. L. & N. R. Co., 85 Ky., 423.)

5. Unless some duty can be thrown upon the company to absolutely insure the safety of the plaintiff there is no liability. (Miles v. Receivers, 4 Hughes, 172; Gladman v. Railroad Co., 15 Wall., 408.)

J. T. A. BAKER, R. C. DAVIS AND MATT O'DOHERTY FOR APPEL-
LEE.

1. The court properly refused a peremptory instruction. (Thompson v. Thompson, 17 B. Mon., 29; United Society of Shakers, 11 Bush, 276; Shay v. Richmond, etc., Turnpike Road Co., 1 Bush, 109; Stephens v. Brooks, 2 Bush, 137; Buford v. L. & N. R. Co., 82 Ky., 286.)

2. This court will not reverse on account of the action of the lower court in granting a new trial unless there has been a flagrant abuse of discretion. (L. & N. R. Co. v. Condiff's Admr., 16 Ky. Law Rep., 296; Chesapeake &c. R. Co. v. Hickey, 15 Ky. Law Rep., 112; Caldwell v. Wright, 8 B. Mon., 526; Ewing v. Price, 3 J. J. Mar., 523.)

3. The duty defendant owed to plaintiff on the elevator was that of a public carrier of passengers, and he was bound to the highest degree of care. (Ray on Negligence of Imposed Duties, Passenger Carriers, pp. 2, 308; Goodsell v. Taylor, 42 N. W. Rep., 873; Tread-well v. Whittier, 80 Cal., 574; Central Passenger Ry. Co. v. Bishop, 9 Ky. Law Rep., 348; Louisville City Ry. Co. v. Weams, 80 Ky., 422.)

4. The declaration of Frank Jackson, elevator boy, made almost simultaneously with the accident, was competent as a part of the *res gestae*. (Ky. Cent. R. Co., v. Fox, 10 Ky. Law Rep., 399; Hanks' Admrs. v. Louisville & Cincinnati Mail Line, 6 Ky. Law Rep., 294; Insurance Company v. Moseley, 8 Wall, 397; Harriman v. Stone, 57 Mo., 93; Commonwealth v. McPike, 3 Cush., 181; McLeod, Receiver v. Ginther's Admr., 80 Ky., 399; Hanover R. Co. v. Coyle, 55 Pa. St., 402.)

5. The argument of an attorney to warrant a reversal must be a most flagrant abuse of the attorney's privilege in presenting his client's case. (City of Covington v. Glennan, 2 Ky. Law Rep., 215.)

JUDGE GRACE DELIVERED THE OPINION OF THE COURT.

This appeal by appellant is from a judgment of the Jefferson Circuit Court in favor of appellee for the sum of five hundred dollars, recovered for injuries sustained by Willie

Camp while being carried in the elevator of appellant, at the Willard Hotel, then operated by this company.

The injury occurred in November, 1891. This suit has been twice tried, the first trial resulting in a verdict for the defendant. This was set aside and a new trial granted by the court, and this is the first complaint of appellant.

The evidence tended to show that this elevator was a heavy one, having a double department, one for passengers and the other for freight, and that it was operated by two boys, Frank Jackson and Claude Smith, by turns; that this accident happened near the change of the boys; that Claude Smith, the younger and smaller boy, and less experienced, was operating the elevator. And that Frank Jackson was in the elevator waiting for his watch to come on. That the little boy, Willie Camp, had just gone up with his father, but forgetting some cigar boxes he wanted, had gone back, got his boxes, and was going up to his floor again. That when getting in the elevator he took his seat on one of the benches as customary, but that Frank Jackson said he would draw for the boy a picture and not wanting Camp to see it until it was finished, told him to sit down on the floor, which the boy did, as he says about the middle of the elevator, meaning, as we gather it from the evidence, about the middle from side to side, but immediately in front of the door, and manifestly not a great way from it. And that while thus sitting a moment, Jackson called his attention, and in turning on the floor towards Jackson, his foot was caught between the elevator at the door and the joists of one of the floors as it ascended. That his heel was mashed, the small bone of his leg was broken, and the tendon strained and shortened. This leg for some distance up towards his knee was bruised and injured.

It appears that his injuries were serious, and painful, that

his limb was placed in a plaster of Paris bandage for some weeks, and after that in a sole-leather bandage. That he finally got out of bed, but that even at the time of the second trial his leg still hurt him, not continuously, but when he walked any considerable distance on it. The physician who attended him expressed the opinion that the injury had materially injured the boy's nervous system, and impaired his general health.

Some testimony was offered showing that the smaller boy, Smith, was too light to operate this elevator with perfect control. That occasionally he had to jump up, seize the rope with his hands, and remain suspended by it. Though the evidence shows the elevator was at this time stopped in a reasonably short distance after the little boy, Camp, cried out.

The charge in the petition was that the two boys, Jackson and Smith, were unfit to operate this elevator with safety, and that the appellant company was guilty of negligence in employing and in retaining them for this work, and that they, the boys, were guilty of negligence in operating the elevator, whereby plaintiff was injured. Camp was at the time of the injury less than seven years old.

This was substantially the evidence on both trials. It may be added, however, that the boys, Smith and Jackson, had been warned by the mother of the boy, Camp, to be careful, and to make him sit on the seats when in the elevator.

On the conclusion of the evidence for plaintiff on each trial, appellant moved the court for a peremptory instruction. This was refused each time.

The first verdict was set aside and a new trial granted because the court misinstructed the jury, and because the court excluded some evidence properly admissible as a part of the *res gestae*, this being a statement made by Jackson

to Mrs. Camp immediately after the injury and while Jackson had the injured boy in his arms, having carried him to his mother's room.

The court in the first trial failed to lay down correctly the degree of care, skill and diligence necessary to be used in operating an elevator, saying in general terms that if the defendant or its agents operating the elevator were guilty of negligence whereby the injury occurred then they should find for plaintiff, otherwise for the defendant, and failed to attach any definition of either diligence or negligence to the instructions on the first trial. This error alone in the instruction given was sufficient to authorize the court to grant a new trial.

This error was corrected by the court on the second trial, as follows, viz.:

"First, The court instructs the jury that it was the duty of the defendant to exercise the highest degree of care and skill usually exercised by prudent persons in the same business, in the management and operation of the elevator in which plaintiff was riding at the time he was injured. And if they believe from the evidence that the defendant failed to exercise that degree of care in the selection of its agents or servants to run said elevator, or if they shall believe from the evidence that the defendant's agents or servants in charge of said elevator, whether competent or not, failed to exercise that degree of care in the management thereof, and that plaintiff was injured by reason of such failure, then the law is for the plaintiff, and they should so find, provided they further believe from the evidence that the plaintiff was not guilty of negligence which contributed to cause his injuries. And that he would not have been injured, but for his contributory negligence, if any there was.

No. 2 seems to be the reverse of this.

In No. 3 the court again speaks of contributory negli-
gence by plaintiff as barring his recovery, but adds this im-
portant limitation:    "But the jury ought not to find
plaintiff contributed by negligence to cause his injury, un-
less they shall believe from the evidence that he failed to
exercise that degree of care for his own safety which or-
dinarily careful and prudent children of his age, experience
and discretion are accustomed to observe under same or
similar circumstances."

The main instruction, No. 1, as well as this limitation as
to the care and prudence to be expected of this child, we
think are correctly set forth by the court.

It is the same degree of care, skill and diligence that this
court has so often held applicable to railroads in carrying
passengers, and which seems to be the settled law on that
subject in Kentucky.

In Mr. Ray's work on Negligence it is said:    "The
relation between the owner and manager of an elevator for
passengers, and those carried in it, is similar to that be-
tween an ordinary public carrier of passengers and those
carried by him.    And he is liable to be treated as a public
carrier of passengers, and the same responsibilities rest on·
him as to diligence and care, as to the carrier of passengers
by stage-coach or railway."

And, again, same author says, p. 308:    "A proprietor of
an elevator for carrying passengers, who used the elevator
in lifting persons vertically to the height of forty feet, is a
carrier of passengers and subject to the same responsibili-
ties.    The same degree of responsibility must attach to one
controlling and running an elevator. Persons who are lifted
by elevators are subject to great risks of life and limb."

The persons running an elevator must be held to under-
take to raise such persons safely, as far as human care and

foresight will go. The law holds him to the utmost dili- ·
gence and care of very cautious persons, and responsible
for the slightest neglect. There is no employment where
the law would demand a higher degree of care and diligence
than in the case of persons using and running elevators for
lifting human beings from one level to another. The
dangers are great, and the law should and does bind per-
sons so engaged to the highest degree of care practicable."

This doctrine is similarly stated in a case from Minnesota,
(Goodsell v. Taylor, 41 Minn., 207.); and in a California
case (Treadwell v. Whittier, 80 Cal., 574), in which latter
case the views of Mr. Cooley, equally as strong, are quoted
and approved by that court. These authorities, and the
reasons given for the doctrine, seem to us to be well found-
ed, and worthy of approval by this court.

They are substantially as submitted to the jury in this
case on the last trial, and the jury so instructed found in
effect that to suffer and permit this little boy, Camp, of less
than seven years of age, to sit in front of the door of an
elevator, and so close as that in turning round at the call of
one of the boys operating the elevator, his foot and leg were
caught and crushed, was negligence in those operating the
elevator, who being servants of appellant fixed the liabil-
ity on their employer. It is well said by counsel for appellee
that the position of the little boy on the floor near the
door was known to the boy operating the elevator. And that
it was a position of danger is shown by the result

Some matters of minor importance are complained of by
appellants, including complaint of adverse counsel, and in
their briefs each is inclined to criticise the other, but these
are matters of no great moment, and where the law has been
ruled correctly, and the facts authorize the finding of the
jury, we think verdicts should not be disturbed by these

little unpleasant matters between counsel.  In the matter complained of, we think the court exercised a sound judgment and discretion when he said the jury could determine as to any difference in the statement of adverse counsel.

The verdict, $500 in damages, was not excessive.

The judgment must be affirmed.