### Newbold v. Brotzge.

(Decided February 3, 1925.)

Appeal from Jefferson Circuit Court
(Common Pleas, Fourth Division).

1. Municipal Corporations—Failure to Instruct as to Right of Way at Street Intersection Held Error.—Failure to instruct as to defendant's right of way at street intersection, under Kentucky Statutes, section 2739g-37, held error in absence of evidence that one of the streets was a boulevard or had been designated as of equal importance.

2. Municipal Corporations—"Boulevard" Defined.—Within Kentucky Statutes, section 2739g-37, as to right of way, a "boulevard" is a street of especial width, given a parklike appearance by reserving spaces for trees, flowers, etc., and not used for heavy teaming; or one specially designed for pleasure, walking or driving.

3. Trial—Giving of Instruction that Automobile Driver had Duty to Give Signal on Approaching Street Crossing Held Error.—In-

struction that it was automobile driver's duty to give warning of approach to intersection, predicated on Kentucky Statutes, section 2739g-28, held erroneous, it being under evidence question for jury whether facts and circumstances necessitated such warning.

STEPHEN I. JONES and J. P. HASWELL for appellant.

LAWRENCE GRAUMAN for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellee, Mable Brotzge, was injured in a collision between an automobile in which she was riding and being driven by her husband, and the automobile of appellant Newbold, near the intersection of Eastern Parkway and the western driveway of Castlewood avenue, in the city of Louisville, on the afternoon of May 1, 1921, and this suit was commenced by her against appellant Newbold to recover damages for injury, resulting in a verdict in her favor for $500.00. To reverse that judgment Newbold prosecutes this appeal.

The Brotzge car was being driven west along Eastern Parkway and had turned into Baxter avenue for the purpose of entering Castlewood avenue, at the time the accident happened. The evidence is conflicting as to where appellee Brotzge's car was at the time it was struck. She and her witnesses testified that the front wheels of the car had entered Castlewood when the rear, which was still on Baxter avenue, was struck by the car of appellant Newbold, and carried southward on Baxter until it struck the curbing at the corner of eastern driveway of Castlewood, some forty or sixty feet away, and was overturned, causing the injury of which Mrs. Brotzge complains. Appellant Newbold testified and proved by others that the collision occurred near the center of Baxter avenue, not far from where it intersects with Eastern Parkway. It is his contention that the Brotzge car came out of Eastern Parkway into Baxter just in front of his car and that he employed every means at hand to avoid striking it and only did so slightly, and that it was caused to turn over and injure appellant when it ran against the curb some distance away; that the accident was the result of the carelessness of the husband of appellee, Brotzge, in suddenly driving immediately in front of appellant's moving car. Appellee admits no

signals were given by the car in which she was riding as it approached the intersection of Eastern Parkway and Baxter avenue, but she and her witnesses say it was traveling at the rate of eight to twelve miles per hour. Appellee, however, testified that appellant's car was traveling at a high rate of speed at the time of the collision. On the contrary, appellant and his witnesses say that his car was going at from ten to fifteen miles per hour. The evidence is not reconcilable.

At the northeast corner of the intersection of Eastern Parkway and Baxter avenue is a building which obstructs the view of one driving on Eastern Parkway as he approaches Baxter avenue, and likewise obstructs the view of the driver in Baxter avenue as he approaches Eastern Parkway. Appellant proved that he gave signals by horn of his approach to the intersection.

On this appeal it is insisted by appellant that the trial court erred to his prejudice in refusing to instruct the jury concerning the right of way at the intersection to which we have referred, in accordance with the provisions of section 2739g-37, Kentucky Statutes, governing motor vehicles, reading:

> "Except where otherwise directed by a traffic officer the operator of a vehicle shall yield the right of way at the intersection of their paths to a vehicle approaching from the right unless such vehicle approaching from the right is further from the point of intersection of their paths than such first named vehicle."

No instruction was given upon this subject. Appellee says this was not error because the streets were not of equal importance, Eastern Parkway being a boulevard while Baxter avenue was a mere street, the subject being regulated and controlled by a provision in the statutes to which we have referred, reading:

> "Provided, that a vehicle being operated on any inter-county seat highway, designated state highway, or boulevard, or any street which may by ordinance be designated as being equal in importance to a boulevard, shall not be required to observe the foregoing regulation at points where any such above described highway intersects another highway of a lesser class."

The record does not show that Eastern Parkway is a boulevard within the meaning of the foregoing statute; or that it has been designated by ordinance as equal in importance to a boulevard. We have examined the general ordinances of the city of Louisville and find none designating Eastern Parkway as a boulevard at the time of the accident to and injury of appellee, nor has our attention been called to such ordinance.

While courts are required by statute, section 2775, to take cognizance of public records and ordinances of cities of the first class, no such rule obtains with respect to boulevards except such as have been so designated by ordinances regularly adopted. Appellee argues, however, that Eastern Parkway is a much traveled highway connecting two parks and must be of greater dignity and importance among thoroughfares than Baxter avenue, with which it intersects and which appears to be the western terminal of Eastern Parkway. It is not a boulevard within the meaning of the statutes, *supra,* unless it is so designated by ordinance. Castlewood has two twenty foot driveways, with a grass plot between. It comes in on the west side of Baxter avenue only a short distance from the intersection of Eastern Parkway with Baxter avenue. Necessarily Baxter avenue at the point where the collision occurred is as much traveled as is Eastern Parkway at or near the intersection with Baxter avenue, for all persons entering or leaving Eastern Parkway must do so through and over Baxter avenue. An avenue may be a parkway, or a parkway may be an avenue, but neither of them is necessarily a boulevard which is defined as "a street which is of special width, is given a parklike appearance by reserving spaces at the side or center for shade trees, flowers, seats and the like, and is not used for heavy teaming; a broad city avenue specially designed for pleasure walking or driving, generally planted with trees, often in the center; a broad avenue in or around a city; especially one laid out with trees, belts of turf; a broad promenade or street; a broad and attractive highway, designed and used for the transportation of persons and things, a public drive."

We, therefore, conclude that the trial court should have instructed the jury under the facts in this case, as shown by the record, that appellant, Newbold, had the right of way at the intersection as his car was approaching from the right, if it was equi-distant from the intersection of Eastern Parkway and Baxter avenue, and that

it was the duty of the driver of the Brotzge car to yield the right of way at the intersection to appellant's car approaching from the right, if appellant's car was equidistant from the point of intersection of their paths as provided by section of the statutes above quoted. It was so held in the case of Kentucky Livery Co. v. Meyers, 196 Ky. 822.

Appellant next insists that it was error upon the part of the trial court to instruct the jury that it was the duty of the driver of the automobile "to give reasonable and timely warning of the approach of his car to the intersection by the usual and customary signals; that the necessity for the giving of signals should have been submitted to the jury.

It is provided by section 2739g-28 that:

> "Every automobile and bicycle, when in use on a public highway, shall be equipped with a horn, bell or other device capable of making an abrupt sound sufficiently loud to be heard under all ordinary conditions of traffic, and every person operating an automobile or bicycle shall sound said horn or other sound device whenever necessary as a warning of the approach of such vehicle to pedestrains, or other vehicles, but shall not sound said horn or sound device unnecessarily."

A reading of this section makes it clear that it was not intended that the driver of an automobile shall always sound his horn as he approaches an intersection, the necessity of such signals depends upon the facts and circumstances surrounding the particular case. Statistics now show that every sixth person owns an automobile or other motor vehicle; and if every operator should sound his horn as he approached each intersection the noise and confusion would be so great as to hinder rather than promote the safety of persons using the highways, especially streets. The court should, therefore, have submitted to the jury the question of whether under the facts and circumstances shown in evidence, appellant should have sounded his horn as he approached the intersection of Eastern Parkway with Baxter avenue. Appellant was right in both contentions.

For the reasons indicated the judgment is reversed for proceedings consistent with this opinion.

Judgment reversed.