## White Swan Laundry v. Boyd.

(Decided February 5, 1926.)

### Appeal from Boyd Circuit Court.

1.  Automobiles—Automobile Driver Held Not Contributorily Negligent in Looking Only to Right.—Automobile driver approaching street intersection held not chargeable with contributory negli-

gence because he looked only to the right until just before reaching center of cross street, when collision with truck, which had come from opposite direction, and was making a complete left-hand turn at intersection, was unavoidable.

2. Automobiles—Instruction on Necessity for Signals of Movement of Truck Held Erroneous.—In action for damages from collision of truck and automobile at street intersection, instruction that it was duty of defendant to give reasonably timely signals of the movement of its trucks by the usual or customary signal, held erroneous, in view of Ky. Stats., section 2739g-28, requiring only that signals be given whenever necessary and not every time vehicle is moved.

3. Automobiles—Instruction in Action for Damages from Automobile Collision Held Not Erroneous as Based on Inapplicable Statute.—In action for damages for collision between truck attempting to make a complete left-hand turn at street intersection with car coming from opposite direction on same street, instructions based on Ky. Stats., section 2739g-37, held not erroneous on theory that such statutes apply only where automobiles approach on courses at right angle to each other; such being position of cars at time of collision.

4. Trial—First of Two Instructions Submitting Opposing Theories Held Not Erroneous for Want of Reference to Opposing Theory.—In action for damages from automobile collision, where court submitted plaintiff's theory in instruction 1, and defendant's theory in instruction 2, instruction 1 was not erroneous for failure to conclude with words "unless you believe as in instruction 2, in which case you should find for defendant."

JOHN W. WOODS for appellant.

O. N. CISCO, A. T. BRYSON and LEVI & BRYSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Appellant, whom we will call defendant, is seeking to reverse a judgment for $551.60 recovered against appellant by the plaintiff or appellee, for damages done to his automobile in a collision with defendant's car. This collision occurred at the intersection or crossing of 20th street and Greenup avenue in Ashland, Kentucky. This street is 32 feet wide and runs north and south. Greenup avenue is an east and west street, which crosses 20th street at right angles. East of 20th street it is 30 feet wide. West thereof it is 78 feet in width.

Near noon, on August 29, 1922, plaintiff was driving a five passenger Studebaker touring car, west on Greenup avenue and when he was about half way across

20th street defendant's laundry truck collided with his car with such force that plaintiff was knocked from the steering wheel and the touring car was so swerved from its course that it climbed the north curb, ran into a tree, and was pretty well demolished. The repairing of the Studebaker car cost $551.65. The proof showed it was worth $1,000.00 before the collision and $200.00 after the collision. As usual in automobile collisions, there was sharp conflict in the evidence as to the cause. The driver of defendant's truck had been driving east along the south side of Greenup avenue, and when he got to 20th street, started to turn around to go west. On account of the great width of Greenup avenue at the west of 20th street, he could easily turn there, and if he had noticed what he was doing, could have safely done so. He says he was driving in low gear, and looking out for other cars. Other witnesses say he was driving fast (one witness says 40 or 50 miles per hour) and was not looking where he was going, but was looking back at something or some one. Neither driver saw the other until the collision was so imminent as to be unavoidable. Plaintiff says he was looking north on 20th street, to see if a car was approaching from his right. He says he had not reached the center of the intersection. It was his duty to do this, and this was not such contributory negligence that the court should have peremptorily instructed the jury to find against him, as was contended by defendant.

Plaintiff admits that as he reached 20th street, he looked to the right and did not look back, until just before the accident. For that reason the defendant insists that the plaintiff was guilty of such contributory negligence that the court should have sustained defendant's motion made at the conclusion of the plaintiff's evidence for an instruction directing the jury to find for the defendant, and should have sustained his similar motion made at the conclusion of all the evidence. The court properly overruled these motions as it was the plaintiff's duty to keep a lookout for vehicles approaching from the right, as he did. This collision occurred according to the plaintiff, about the time his car was midway of 20th street. He says he looked back and saw defendant's car when it was four or five feet from him, and certainly, during the brief space of time that he had after reaching 20th street in which to look for cars approaching from his right, he was not guilty of

any negligence in failing to look back until he was almost half way across 20th street.

The instructions given by the court are criticised, and it is claimed they were not drawn according to the law as outlined in section 2739g-28 and section 2739g-37, Kentucky Statutes. The defendant is partially correct in his criticism. In the instructions, the court said it was the duty of the defendant to give reasonable, timely signals of the movement of its trucks, by the usual or customary signal. Subsection 28 does not require that a signal be given every time a motor vehicle is moved, but does require it to be given whenever necessary.

In the case of Newbold v. Brotzge, 209 Ky. 218, this court criticised a similar instruction, and said:

> "The court should, therefore, have submitted to the jury the question of whether under the facts and circumstances shown in evidence, appellant should have sounded his horn as he approached the intersection."

In view of the ruling in that case, it follows that this instruction was erroneous. On the trial of this case, the witness Ross, who was driving a car that was following Boyd, and had a perfect view of the accident, says the truck driver blew his horn. Another witness, Mrs. Hughes, who also had a splendid opportunity to see the accident, says the truck driver blew his horn, but the truck driver himself says he did not blow his horn, and the effect of the instruction as given, is to say to the jury, "If you believe what the truck driver says, you must find for the plaintiff."

For further criticism of these instructions, the defendant says that subsection 37 of this statute applies to automobiles that are proceeding in courses at right angles to each other, which is true; but after the defendant started to turn his car, he altered the course of it, and about midway of his turn, his car was moving in a direction that was at right angles to the direction in which plaintiff's car was moving, hence the section of the statutes was applicable, and the instructions correct. The court submitted the plaintiff's theory of the case in instruction No. 1, and the defendant's theory in instruction No. 2. Then by other and proper instructions, the court defined certain terms and gave to the jury the measure of damage. Defendant also criticises instruction No. 1, because the court did not, at the end

thereof, add these words: ''Unless you believe as in instruction No. 2, in which case you should find for the defendant.'' While this was unnecessary, still, the addition of these words can do no harm, and upon a retrial of this case, the court will add them to instruction No. 1.

The verdict of the jury is abundantly sustained by the evidence, but for the failure of the court to instruct the jury as outlined in the Newbold case, *supra,* the judgment must be reversed, and the cause is remanded with directions to award the defendant a new trial to be had in conformity with this opinion.