### Best's Administrator v. Adams.

(Decided May 20, 1930.)

C. C. BAGBY, E. C. NEWLIN, Jr., CHENAULT HUGHELY and WADE H. LAIL for appellant.

E. V. PURYEAR for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

I. D. Best, administrator of Arthur Best, instituted suit in the Boyle circuit court against Joshua B. Adams growing out of the death of Arthur Best, caused, as it was alleged, by the negligence of the daughter of Joshua B. Adams in driving his automobile. The accident happened at the point where the Danville and Lexington Turnpike crosses Herrington Lake on Chenault bridge. At the time of the accident the daughter of appellee driving his car came off of the bridge on the Boyle county side. At this point the road bends sharply to the left in front of a residence, and on the road there were places of business in the nature of soft drink stands, parking spaces, as well as parked automobiles at the time of the accident. There were two automobiles parked side by side, one of them entirely on the paved part of the road. On the opposite side of the road from these parked automobiles was a stone wall, and the distance between the parked antomobiles and the stone wall was only 11 feet. A few feet further on the car which decedent was preparing to use in returning to his home was stopped fronting the road with the lights on. Decedent had forgotten a coat, leaving it in the soft drink stand on the side of the road next to the two parked automobiles, and he hastened across the road to get his coat. As he returned he passed from behind the automobiles onto the road, where he was struck by the car driven by the daughter of appellee.

On the one hand it was claimed that decedent suddenly passed in front of the car driven by Miss Adams and that the accident was unavoidable. The preponderance of the evidence supports that view, but there was

evidence that decedent was exercising proper care for his own safety. The case was one for the jury and the jury returned a verdict for appellee, and, so far as the evidence is concerned, there should be no complaint on that score, but if the questions at issue were not submitted to the jury by proper instructions it will become necessary to reverse the judgment.

The whole thing narrows down to one point and that is whether under the circumstances, the driver of appellee's automobile should have sounded the horn of the automobile driven by her as a signal of her approach, and on that question counsel for appellant and appellee disagree. It is contended by counsel for appellant that the place where she was driving was so obviously dangerous that the trial court should have held, as a matter of law, that the horn should have been sounded, and, as there was no evidence that the horn was sounded, a peremptory instruction should have been given in favor of appellant. It is contended on the other hand that the general rule is that the horn need not be sounded except in cases where it is necessary to warn those on or near the highway of the approach of the automobile, and that it is always a question for the jury to determine whether the sounding of the horn was necessary. Counsel for appellee are substantially right in their contention. In cases where the driver of an automobile sees some one on the public highway in front of the driven car there is no doubt that the horn should be sounded, and in such cases there may be nothing to submit to the jury. Iu this case Miss Adams testified that she did not see decedent before she struck him. Section 2739g-28, Ky. Stats., in addition to requiring an automobile used on the public highway to be equipped with a horn, bell, or other device capable of making an abrupt sound sufficiently loud to be heard under all ordinary conditions of traffic, requires the driver to sound the horn, or other device, when necessary as a warning to pedestrians of the approach of the automobile, but provides that the horn, or other device, shall not be sounded unnecessarily.

In the case of United Casket Co. v. Reeves, 206 Ky. 581, 267 S. W. 1108, 1109, the court in construing that section of the statute said:

> "It may be conceded that the statute imposes on the person operating the machine the duty to sound the horn or other device only when it is neces-

sary to warn pedestrians or other vehicles of the approach of the machine, and that, as a general rule, the question of necessity is one of fact for the jury, but in this case the driver admits that he saw plaintiff and her little brother out in the street playing with a dog, and the evidence shows that the dog first crossed over in front of the truck, then the boy, and that he was followed by plaintiff, who was about 10 feet behind him. In view of these circumstances, the court did not err in holding as a matter of law that it was the duty of the driver of the truck to give warning of its approach to pedestrians whom he saw, or, in the exercise of ordinary care, should have seen, crossing, or about to cross, in front of the section.''

While in that case the court held that it was not error for the trial court to adjudge as a matter of law that the horn should have been sounded, yet the driver of the truck had seen the child on the street. Miss Adams did not see the decedent before he passed in front of her car, but the facts and circumstances as detailed in the evidence were such that it was a question for the jury to determine whether, under the facts and circumstances brought out by the evidence, she should have sounded her horn as a warning to him. The jury may have reached the conclusion from the evidence that the sounding of the horn was necessary because it may have concluded, from the evidence and circumstances, that she saw, or in the exercise of ordinary care, should have seen, decedent in time to have warned him of the approach of the car driven by her.

In the case of White Swan Laundry Co. v. Boyd, 212 Ky. 747, 279 S. W. 345, this court again held that signals by sounding a horn, or other device, should be given only when necessary, citing the case of Newbold v. Brotzge, 209 Ky. 218, 272 S. W. 755, 757, where it was said:

''The court should therefore have submitted to the jury the question of whether, under the facts and circumstances shown in evidence, appellant should have sounded his horn as he approached the intersection.''

Under the facts and circumstances in this case the question of whether the horn should have been sounded, or rather whether it was necessary to sound the horn, was one for determination by the jury.

The court submitted the question to the jury in the first instruction, but it is insisted that the instruction did not measure up to the requirements of the law. We deem this the only ground relied on for reversal that has any substantial merit. The instruction is erroneous as it appears in the record, although the change of the word "or" to the word "and" in the proper place would have left the instruction free from prejudicial error. The first instruction held appellee, acting through his daughter, to a certain standard of conduct for the protection of the life of decedent. She was to exercise ordinary care to prevent injury to him (referred to in the instructions by the general term "any person"), and the care required could be exercised by giving reasonable warning of the approach of the automobile by sounding the horn, or the performance of the duty was satisfied by keeping the automobile under such reasonable control and exercising ordinary care in operating the automobile so as to avoid coming in collision with the decedent. The instruction told the jury that it was the duty of the driver of the automobile to exercise ordinary care to prevent an injury to decedent, and that this duty could be satisfied in two ways, one by sounding the horn, and the other by having the automobile under control and by exercising ordinary care in its operation. If the jury should have been of the opinion that the horn should have been sounded, yet, if it was of the further opinion that the driver of the automobile was exercising ordinary care in its operation, the jury was under the duty to bring in a verdict for appellee.

It is not sufficient for the driver of an automobile to have it under reasonable control and to operate it carefully on a public highway unless such operation satisfies the law in its fullness. It is the duty of the driver of an automobile to exercise ordinary care at all times to avoid injuring another traveling upon a public highway. Cases may arise, however, when it is necessary to sound a horn, or other device, to warn those on the public highway or in close proximity to it, or those whom the driver of the automobile in the exercise of ordinary care, may reasonably anticipate will be on the highway. The driver of an automobile may be proceeding with the utmost degree of care and yet an occasion may arise where it is necessary for him to sound his horn in order to fully comply with his duty, and when such an occasion does arise he cannot be excused on the ground that he was

proceeding with his automobile in the exercise of ordinary care for the safety of others. He must give the required signal to warn others of his approach if he would be fully excused.

The first instruction should have left it to the jury to determine whether the sounding of the horn was necessary. This was not done as the instruction made the sounding of the horn unnecessary if the driver of the automobile was exercising ordinary care in operating the machine and had it under proper control. There were many questions that arose during the trial and a number of grounds are urged for reversal in this court, but the trial was remarkably free from errors. We deem it unnecessary to consider each ground separately. Aside from the single error pointed out it appears to the court that there are no reasonable grounds urged against the judgment below. We will not determine whether the argument of counsel complained about was to any extent improper as it will not occur on another trial.

On another trial in lieu of the first instruction given by the court, the jury should be instructed as indicated.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.