## Golubic v. Rasnick.

(Decided May 29, 1931.)

B. M. LEE and LEONARD DAVIS for appellant.

E. H. JOHNSON and T. R. McBRAYER for appellees.

356

Opinion of the Court by Hobson, Commissioner—Reversing.

C. H. Rasnick, Jr., by his father as his next friend, brought this action to recover damages for being struck by a truck driven by John Golubic. On the trial of the case he recovered a verdict for $3,500. Golubic appeals.

The first question presented is: May the motion and grounds for new trial be considered by this court? The facts are these: The case came on for trial on Monday, February 9, 1931. The trial was continued until Wednesday, February 11th, when the evidence had all been heard. The judge of the court then notified counsel for plaintiff and defendant that he would like to go to Louisville, and it was agreed by counsel on both sides that Charles G. Mutzenberg should preside during the argument to the jury and receive the verdict of the jury. The regular judge went to Louisville. The agreed special judge received the verdict that afternoon. The plaintiff then drafted a judgment and submitted it to the counsel for the defendant for his approval, pursuant to the rule of the court, in these words:

"No order or judgment shall be entered of record in any case where both sides are represented by attorneys of record unless there is some endorsement on the paper offered to be entered showing that it has been submitted to and endorsed approved by the opposing counsel, or if not so approved a memorandum or endorsement authorizing its entry by the judge and directing the clerk to enter such paper without submitting same to the opposing counsel. Where either party is not represented by counsel then all orders and judgments shall only be entered after having been approved and endorsed by the Judge."

The defendant's attorney refused to indorse it, saying there were some motions he wished to make to the judge before the judgment was entered. Counsel for plaintiff took the judgment to Judge Mutzenberg, procured his indorsement, and had it entered by the clerk on the order book. On February 13th, counsel filed, with the clerk, his motion and grounds for a new trial and delivered a copy to the counsel on the other side. The clerk made an entry on the order book on the 12th and 13th, showing that court was held on each of these days and entered an order filing the motion for a new trial

on the 13th. Judge Jones returned on the 14th and then held court. There was in fact no judge there on the 12th and 13th. Counsel on the 14th, after the record as it had been made up for the previous days had been read and signed without objection, called up the motion for a new trial. The plaintiff's counsel asked time on the motion, and at his suggestion the court allowed the hearing of the motion to be passed until February 18th. When the case came on for hearing on the 18th, the plaintiff moved to set aside the order of February 13th because no court was in fact held on that day and to strike the motion and grounds for a new trial from the record. On the hearing of this motion the plaintiff's attorneys filed the following affidavit as to what had occurred on February 14th:

"That at that time they appeared before Judge D. C. Jones, with their authorities to present to the court an argument on the motion and grounds for a new trial in this case, and that at that time, E. H. Johnson, attorney for plaintiff, was present and said that he was not ready to be heard on this motion and grounds for a new trial; that there were twelve separate grounds for a new trial and he had looked up the law on a portion of them but because of other business had not been able to complete his investigation as to the law applicable to the several grounds relied upon for a new trial and requested the court to pass the hearing and argument on this motion until Wednesday, February 18, 1931, stating that he had other cases which would consume his time and he would not be able to argue this motion and grounds for a new trial until that time, and at his request the court granted him this continuance and passed that hearing upon the motion and grounds for a new trial until today, February 18, and that E. H. Johnson did not at that time suggest either to the court or opposing counsel that he had any complaint or would make any objection to the sufficiency of the filing of said motion and grounds for a new trial in this case."

Johnson, on the other hand, filed his affidavit controverting in part the above. The court entered an agreed order in which the facts are thus stated:

"And it is further agreed that on Saturday the 14th day of February, 1931, Judge D. C. Jones

returned and convened court, and during the day counsel for the defendant indicated that he would like to be heard on the motion and grounds for a new trial and insisted on taking up the questions and disposing of them, but counsel for the plaintiff indicated to the court that he was not ready to be heard on said motion but desired time to look up some authorities and prepare himself for properly presenting his side of the case and at his suggestion the court allowed the hearing of this motion to be passed until Wednesday following, which was February 18th.

"It is further agreed that the Judge of this court was present and presiding from and including the 16th day of February."

The court on the hearing sustained the plaintiff's motion to set aside the order and strike out the motion and grounds for a new trial. The propriety of this order is the first question raised on the appeal.

It was only agreed that Judge Mutzenberg should preside during the argument of the case and receive the verdict of the jury. Under the agreement he had no authority to do anything farther. There was therefore no court legally held after the verdict on February 11th, 12th, or 13th. The motion for a new trial could therefore have been made legally in court on February 14th, or later, the 15th being Sunday. When the defendant called up his motion for new trial on Saturday morning, the order of the court showed that it had been regularly filed, and if the plaintiff had any objection then to this order he should have made it. If he had then objected to the order, an order might have been entered on that day filing the motion for a new trial. But it was unnecessary to do this and add this much to the cost of the action when the other order stood unchallenged. Instead of objecting then to the order, he asked time for the hearing of the motion for a new trial. His conduct then was a consent to the manner in which the motion had been filed. In Huffman v. Charles, 97 S. W. 775, 776, 30 Ky. Law Rep. 197, the motion for new trial was not filed within three days as provided by the Code, but was filed within the time fixed by agreement of the parties. The court after referring to the Code provision said:

"But this provision may be dispensed with by agreement of parties; and, as the motion and

grounds were filed within the time allowed by the agreement, they will be considered.''

In like manner a party may consent to a filing of the motion which would otherwise be irregular, and he will not be allowed to withdraw his consent after the time for obtaining a proper order has expired. A litigant is not allowed to blow hot and cold. Appellee could not ask on Saturday for the postponement of the hearing of the motion until Wednesday without any objection to the order as it stood, and then when the time had expired for the first time object to the order previously made filing the grounds for a new trial. To allow such a course would be to defeat the purpose of the statute. The objection here to the order filing the motion for a new trial came too late, and the motion to set aside the order on February 18th should have been overruled.

This brings us to a consideration of the merits of the case. John Golubic lived at Cumberland, Ky., and, among other things, he sold goods from trucks in Lynch, Ky., a town that is not incorporated but contains about 3,000 people. On the day in question he was in Lynch in his truck selling goods. In the afternoon he started home. When he had reached a point about 1,500 feet within the line at which the paved highway and sidewalks gave out, he struck Charles Rasnick, Jr., a child six years old, and inflicted painful injuries upon him. According to the proof for the plaintiff, Golubic was driving very rapidly and saw the child in the street something over 150 feet before he reached him and said then, in substance, ''That is the way children get hurt.'' But he did not check his speed and hit the child.

On the other hand, the proof for Golubic by a number of witnesses is to the effect that the child was in his father's yard playing with his sister and ran out of the yard into the street just in front of Golubic's car and so close to it that he could not stop before hitting the child. Another car was about 50 feet ahead of Golubic; a third car was about 50 feet behind him. They were all going about the same rate of speed. The man in the first car did not see the child at all. The man in the second car saw him coming out into the street.

Among other things, the plaintiff undertook to show that the brakes of Golubic's truck were out of order and that this caused his failure to stop the truck. The plaintiff introduced on the trial Dan Bruce, an automobile

mechanic who lives at Cumberland, and proved by him that he repaired a truck for Golubic less than a week after the accident, and that the brakes were in a very bad condition, the lining being worn out. There was no proof that the truck he repaired was the truck that Golubic was driving on the evening of the accident, except this answer of the witness: ''I know the truck it was claimed he was driving.'' This did not in any way identify the truck as the one that Golubic was driving on the evening of the accident. Before proof was admitted showing that the brakes were in bad order on this truck, the proof should have identified it with the truck in question. This was not done and the evidence should have been excluded. Golubic testified that Bruce had not repaired the truck after the accident.

Instruction No. 1, given by the court, is in these words:

''It was the duty of the defendant at the time and place mentioned in the evidence to have his truck under reasonable control to operate it at a reasonable rate of speed, having regard for the traffic conditions and the use of the highway, and to keep a lookout for persons and vehicles upon the street; and if you believe from the evidence that the plaintiff C. H. Rasnick, Jr., was near the path of the truck and that he was seen by the defendant, the driver of the truck, or could have been seen by him in the exercise of a reasonable lookout duty, as set out above, then it became the further duty of the defendant, John Golubic, to exercise ordinary care as defined in Instruction No. 4 herein, to operate said truck so as to give reasonable signals and timely warning of the truck's approach, so as to avoid injuries to the plaintiff, and if you believe from the evidence that he failed in the performance of any one or more of said duties, and by reason of such failure, if any there was, his truck was caused to run upon Charles Rasnick, Jr., and injure him, the law is for the plaintiff and you will so find. But unless you so believe from the evidence, or if you believe from the evidence as set out in Instruction No. 3, you will find for the defendant.''

Under the proof here, the words ''near the path of the truck'' without any qualification were misleading and prejudicial to the defendant; for if the child was in

its father's yard he was near the path of the truck, and if he was on the sidewalk, as some of the witnesses say, he would be near the path of the truck. Children not in the path of a truck or in the street may run in its way, and the driver of a car, seeing children in the street or near it, should take steps for their protection, if under the circumstances he should anticipate that they would get in the street and in the way of the car. In the instruction after the words, "as set out above", and before the words, "then it became the further duty", these words should be inserted in the instruction, "and in the exercise of ordinary care the defendant under the circumstances should have anticipated that he would get in the path of the truck".

The instruction is also erroneous and prejudicial to the defendant in requiring him to give reasonable signals and timely warning of the truck's approach. This instruction has been approved in crossing cases, but when a man is just going along a street or highway he is not required to be blowing his horn, unless some necessity arises. Newbold v. Brotzge, 209 Ky. 218, 272 S. W. 755; White Swan Laundry v. Boyd, 212 Ky. 747, 279 S. W. 345; Best v. Adams, 234 Ky. 702, 28 S. W. (2d) 484. After the words the "truck's approach", these words should be inserted, "if necessary in the exercise of ordinary care". The second instruction should be omitted, and in lieu of that the following instruction should be given:

"If the rate of speed of the truck passing through the residence portion of the town of Lynch exceeds fourteen miles an hour; unless shown to be necessary, this is evidence of unreasonable speed." Ky. Stats., 2739g-51; Wight v. Rose, 209 Ky. 803, 273 S. W. 472.

The third instruction did not properly present Golubic's case under the proof for him. In lieu of the third instruction, the court should have in substance told the jury that if they believe from the evidence that the plaintiff appeared suddenly in front of defendant's truck or so near thereto that danger to him should have been anticipated, and that, if defendant had been running at a reasonable rate of speed, he with the means at his command, in the exercise of ordinary care, could not then have prevented the collision, their finding should be for the defendant. Hornek v. Strubel, 212 Ky. 631,

362

279 S. W. 1087; Gretton v. Duncan, 238 Ky. —, 38 S. W. 448, and cases cited.

In lieu of the fourth instruction, the court will, on another trial, tell the jury that ordinary care means that degree of care usually exercised by ordinarily careful and prudent persons under like circumstances.

Other matters complained of will probably not occur on another trial.

Judgment reversed, and cause remanded for a new trial.