## Golubic v. Rasnich.

(Decided May 19, 1933.)

B. M. LEE for appellant.

E. H. JOHNSON and T. R. McBRAYER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This is the second appeal of this case, the first one being reported in 239 Ky. 355, 39 S. W. (2d) 513. At the first trial there was a verdict and judgment against defendant and appellant for $3,500, which we reversed in the opinion referred to because of erroneous instructions, but declined to pass on any of the other questions raised on that appeal. At the second trial of the case there was a verdict and judgment in favor of appellee (plaintiff below) for the sum of $5,000, and, defendant's motion for a new trial having been overruled, he prosecutes this appeal.

Instruction No. 1 given on the first trial submitted defendant's duties in operating his truck on the highway and his liability for violations thereof if the jury found that he violated any duty, and at the close thereof it said: "But unless you so believe from the evidence, or if you believe from the evidence as set out in instruction No. 3, you will find for the defendant." That instruction was criticized in our first opinion, and directed modifications thereof were made by us; but we did not direct that the inserted converse clause should be dropped therefrom. On the contrary, we very properly approved its incorporation as a necessary part thereof. On the second trial the directed modifications were inserted in that instruction; but, for some cause not explained in the record, the converse language, supra, was entirely omitted therefrom, and which was not only in conflict with the proper instruction that we approved in our first opinion, but likewise in conflict with the rule heretofore announced and approved by us with regard to similar instructions in such cases. See Cox's Adm'r v. Louisville & N. R. Co., 137 Ky. 388, 125 S. W. 1056.

However, it was the duty of the court at the second trial of this case (now under investigation) to embrace in the leading instruction (No. 1) the converse clause, supra, under the "law of the case" rule, regardless of its approval by us as the correct rule of practice, since the exact qualification was approved in our first opin-

ion and the instruction directed to be given with that language in it, and which became the law of the case.

Defendant admitted the collision of his truck with the body of the infant plaintiff, but he denied that it was the result of any negligence on his part in operating it on the highway at the time and place; but that it was produced by the infant plaintiff suddenly appearing in front of his truck so as to disable him from preventing the collision, even though he had been traveling at an unreasonable rate of speed or was otherwise negligent. The latter defense was a reliance on the "sudden appearance" doctrine, which this and other courts have approved (see Metts' Adm'r v. Louisville Gas & Electric Co., 222 Ky. 551, 1 S. W. (2d) 985, and other cases cited therein), and which is effective, although defendant might be negligent in the operation of his automobile, provided he could not have avoided the injury if he was not so.

The first defense interposed by defendant was a denial of any negligence on his part in the operation of his truck. The failure of the court to submit to the jury the converse clause, supra, deprived him of his first defense entirely, since instruction No. 1, as given, did not relieve him of liability, although he may not have violated any of the duties therein set forth. It is, therefore, clear that the court committed glaring prejudicial error in not following the directions of this court in its first opinion by submitting the converse clause, supra, to the jury.

While there was scarcely any evidence contradicting that of defendant as to the effectiveness of the condition of his brakes, yet plaintiff on both trials introduced testimony to prove that within about a week after the accident defendant had the brakes on a truck belonging to him repaired; but whether the truck so repaired was the one that produced the injury to plaintiff (he possessing two) was wholly unproven, and for that reason alone we held in our first opinion that such evidence was incompetent and erroneous. But notwithstanding that holding, the same evidence, possessing the same vice, was introduced upon the last trial, and which, of course, had the same prejudicial effect as it did upon the first one, and for which reason it should and does receive our like disapproval.

On both the first trial and on this one, defendant

moved for a peremptory instruction in his favor at the close of plaintiff's testimony, and also at the close of all the testimony, which the court in each instance overruled. Our first opinion did not expressly pass on that alleged error, but by strong implication it was overruled as based on the condition of the testimony appearing in that record, and which we infer from this language taken from that opinion: "According to the proof for the plaintiff, Golubic was driving very rapidly and saw the child in the street something over 150 feet before he reached him and said then, in substance, 'that is the way children get hurt.' But he did not check his speed and hit the child." The quoted testimony found in that excerpt was given on the first trial by one Vernon Harville, who was riding on the seat of the truck of the defendant at the time of the accident, it being driven by defendant. That witness was absent at the last trial His testimony at that time was so at variance with that given by all other witnesses in the case, including those introduced by plaintiff, and was so recklessly stated and so thoroughly contradicted as to produce the conviction that it was entirely false. Plaintiff's counsel no doubt coincided with that conclusion, since they did not introduce the testimony of that witness on the last trial, although they obtained the permission of the court to do so by reading the transcript of his testimony given upon the first trial. With the testimony of that witness out of the case there remains but little to establish a scintilla of proof that defendant violated any duty in operating his truck at the time and place of the accident. Whether the impoverished condition of plaintiff's proof on that issue was such as to authorize a peremptory instruction in behalf of defendant will not, however, be determined by us in this opinion, since, for the reasons above stated, and the one yet to be stated, a reversal must be ordered and a new trial had upon which the proof may be different.

However, because of the condition of the proof referred to, we are convinced that the verdict of the jury on the issues submitted is flagrantly against the evidence, and for which reason also the motion for a new trial should have been sustained. Every eyewitness to the accident who testified in the case, and who was near enough to the scene of the accident to observe what happened, stated that plaintiff, who was about five years of age, suddenly ran in front of defendant's truck

from his father's yard, inclosed by a fence that ran along the outer edge of the sidewalk on that side adjacent to the street, and which was induced by his older sister suddenly throwing a ball into the street, which fell about four feet from the edge of the sidewalk, and which, if true, would exonerate defendant under the "sudden appearance" doctrine. That testimony was fortified by the visible marks made upon the surface of the road by the sliding of the wheels of defendant's truck, and by the fact that he stopped it within ten or fifteen feet, which was less than its length, and also less than the distance that some of the witnesses gave as the shortest one within which such a truck could be stopped traveling at its proven speed at the time, which was ten or fifteen miles per hour.

This record generates great sympathy for the infant plaintiff, who was considerably hurt and rendered somewhat permanently disfigured; but the law is, that before compensation in such cases will be approved, the one who produced the injuries should be guilty of violating some duty toward the injured person, and, unless that be true, sympathy may not be invoked to supply the absence of the necessary careless acts.

Wherefore, for the reasons stated, the judgment is reversed, with directions to set it aside and to sustain the motion for a new trial, and for other proceedings consistent with this opinion.