## Matthews v. Fork Ridge Bus Line.
## Commonwealth for Use and Benefit of Matthews et al. v. Ridings, Sheriff, et al.

(Decided Feb. 15, 1935.)

E. N. INGRAM for appellants.

ARTHUR RHORER, R. W. KEENON and CHAS. A. JOHNSON for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Dismissing first appeal, affirming in second appeal.

The two above-entitled matters are remnants of the case of J. R. Matthews v. Fork Ridge Bus Line, which was formerly in this court on appeal, reversed and sent back to the Bell circuit court for retrial. See Fork Ridge Bus Line v. Matthews, 248 Ky. 419, 58 S. W. (2d) 615. The two cases have been consolidated by former order of court.

No extended mention would be made of the first styled matter were it not that it is closely interwoven with, and has a direct bearing on the second. On a retrial of the case, supra, the jury rendered a verdict for $3,114, and the defendant had prayed, and was preparing, a second appeal from a resultant judgment, whereupon, after negotiations it was agreed to settle the case on payment of $2,327, which, as far as we view the record, seems to have been paid by the bus line to the attorney for Matthews. We further gather from the two records that there has been a settlement between attorney and client, followed by a showing of a spirit of dissatisfaction on the part of the client.

Arthur Rhorer, who was the attorney for Matthews on the two trials, says in the statement of appeal that he is the real appellee. The Fork Ridge Bus Line is not involved in the appeal here, nor can its rights be affected by any order this court might make in this first case.

At the September term, 1933, of the Bell circuit

court, the case was tried with the result stated above. The settlement was later made and an agreed order dismissing settled drawn, but not then placed on record, perhaps, as is suggested because the court was not in session. There is no dispute as to the settlement between the parties litigant nor as to the amount paid to J. R. Matthews. Neither is there any dispute as to the fact that Matthews was to receive $1,500 net of the proceeds. However, as is quite clear from the record, Matthews only received $1,400 of the $1,500 which was to be net to him. This difference arises from the contention on the part of the attorney that under the contract with Matthews certain unexpected expenses arising with regard to the appealed case were to be paid by Matthews who says the expenses were to be paid by the attorney. Matthews then not only became dissatisfied with his attorney, but evidenced dissatisfaction with the entire settlement by going to the circuit clerk's office on February 7, 1934, and having issued an execution against the Fork Ridge Bus Line for $3,114, the amount of the judgment, crediting the execution by $2,327, the amount paid in settlement. On March 3, 1934, the attorney who had represented Matthews on the trial filed his motion in court to quash the execution above noted and ''to require the plaintiff and his attorney Arthur Rhorer to mark 'satisfaction in full' on the margin of the record in which said judgment was entered.''

All the facts as above related are set out in the motion, to which Matthews first demurred and later responded. The sum and substance of the motion and response leads to the conclusion that there is only a difference between attorney and client of not exceeding $100, since Matthews received $1,400 of the proceeds and claims that the amount should have been $1,500. In view of this situation, the court is bound to conclude that it is without jurisdiction to enter into a discussion of the merits of the dispute between the client and his former attorney over a matter which involves less than an amount which authorizes jurisdiction in this court.

The foregoing brings us to a consideration of the second appeal, which is involved in and with the matters growing out of the same dispute, and has its beginning with the issuance of the execution as above mentioned on February 7, 1933.

On September 11, 1934, a motion was filed, styled the commonwealth of Kentucky, for the use and benefit of J. R. Matthews, and J. R. Matthews, against the owners of the Fork Ridge Bus Line, Ridings, sheriff, and the sureties on his official bond. Upon this motion, notice thereof seems to have gone to the sheriff and his bondsmen only.

Ridings, for himself and his sureties, responded that the writ had been placed in his hands for execution, which he undertook to carry out by levying on several automobiles owned by the Fork Ridge Bus Company. He was preparing to advertise them for sale when approached by an attorney for Matthews, other than Rhorer, who told him to hold up action on the writ until further advised. Matthews demurred and the respondent, admitting weakness in his response, filed an amended response.

In the amendment he set up the fact that prior to the issuance of the execution the judgment had been paid, and that on May 4, 1934, the court, having jurisdiction of the matter, and on motion of Rhorer, entered the order evidencing settlement and dismissal, and further that the execution had been quashed. Matthews filed demurrer to the response, but for some reason not apparent the court did not rule directly on the demurrer, but extended it to the notice and sustained it, whereupon the plaintiff objected and excepted and declined to amend or plead further. The court then quashed the notice, dismissed same, and struck it from the docket, and the matter comes here on an appeal.

While the practice and procedure is somewhat out of the ordinary, we see no prejudicial error in the court's action. The court dismissed the notice, and this is the real basis of complaint.

It is clearly evident from a reading of the two records that, as soon as the court was apprised of the settlement of the case in September, 1933, and that the difficulty involved a dispute between client and attorney, any procedure against the sheriff and his sureties, by notice or otherwise, was not the proper method of settling the matter. The court had before it such orders as had been entered in the original case and the sheriff's response, which showed that prior to the issuance of the notice the execution had been quashed. An exe-

cution is issued only for the purpose of realizing on a judgment, and, when it appears that the judgment is satisfied, there is no further need for the execution or action thereon. The court's action in dismissing the notice is affirmed.

The appeal on the first case named above is dismissed, and the judgment in the second named case is affirmed.